UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLET ELIZABETH GRAYSON,<br><br>        Plaintiff,<br><br>vs.<br><br>RESSLER & RESSLER; ELLEN WERTHER; BRUCE RESSLER; TRADEWINDS HOLDINGS INC.; COREOLIS HOLDINGS INC.; RICHARD RESSLER; ORCHARD CAPITAL CORPORATION; GORDON & REES, SCULLY & MANSUKHANI LLP; LYNN GOLLIN; ROBERT MAYER; MARCUM LLP; MARCUM RACHLIN; BARRY MUKAMAL; SUSMAN GODFREY LLP; and BILL CARMODY,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

        Pursuant to 28 U.S.C. §§ 1452 and 1446, and Fed. R. Bankr. P. 9027(a), Defendants Ressler & Ressler; Ellen Werther; Bruce Ressler; TradeWinds Holdings Inc.; Coreolis Holdings Inc.; Richard Ressler; Orchard Capital Corporation; Gordon & Rees, Scully & Mansukhani, LLP; Marcum LLP; Marcum Rachlin; Barry Mukamal, solely in his professional capacity as Chapter 7 Trustee for TradeWinds Airlines, Inc.; Susman Godfrey LLP; and Bill Carmody (collectively "the Served Defendants," or "the Defendants" together with others who have not yet been served) give notice of the removal of the above-captioned action (the "Removed Case") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The grounds for removing this case are set forth below as required by Fed. R. Bankr. P. 9027(a).

1

### Jurisdiction

1. This Court has jurisdiction over the Removed Case pursuant to 28 U.S.C. § 1334(b) because Plaintiff Violet Elizabeth Grayson's claims arise in a Chapter 7 case under the Bankruptcy Code, *In re TradeWinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla., filed July 25, 2008) (the "TradeWinds Bankruptcy"), and are also related to the TradeWinds Bankruptcy.

### Core Status of Removed Case

2. The Removed Case is a core proceeding within the meaning of 28 U.S.C. § 157(b) because, among other reasons, it seeks rulings on matters concerning the administration of a Bankruptcy Estate. *See id.* § 157(b)(2)(A).

3. To the extent that the Removed Case and/or any claim asserted in the Removed Case are hereafter determined to be non-core, the Served Defendants hereby consent on behalf of and with the authorization of all Defendants to entry of final orders of judgment in the Removed Case by the Bankruptcy Court.

### Entitlement to Removal

4. On August 14, 2015, Plaintiff commenced a civil action in the Supreme Court of the State of New York, County of New York against Defendants by filing a Summons with Notice pursuant to N.Y. CPLR. § 306-b.

5. A true and correct copy of the Summons with Notice filed in the Removed Action, captioned *Grayson v. Ressler & Ressler*, Index No. 652816/2015, is attached as Exhibit 1.

6. The Summons with Notice states that the Related Case "arise[s] from a nexus of fact involving Plaintiff Grayson's termination as counsel of record for the Trustee in the TradeWinds Airlines in Case No. 08 Civ. 5901 (JFK) [the 'TradeWinds Veil-Piercing Action'], litigated in the United States District Court for the Southern District of New York, her

replacement as counsel of record in said action by Susman Godfrey LLP and Bill Carmody, and the litigation of said action subsequent to the above change of counsel for TradeWinds Airlines."

7. The Summons with Notice goes on to recite a litany of claims—including libel, slander, defamation, fraud, tortious interference with beneficial business relations, tortious inference with contractual relations, tortious inducement of breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, illegally obtaining and using credit information, conversion, legal malpractice, negligence, related torts, and conspiracy—against the fifteen Defendants.

8. Plaintiff's retention, termination, and replacement as counsel for the Trustee in the TradeWinds Veil-Piercing Action were overseen and approved by Judge A. Jay Cristol of the United States Bankruptcy Court for the Southern District of Florida, as part of the TradeWinds Bankruptcy. *See, e.g.*, *In re TradeWinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla.), Dkt. Nos. 258, 635, 637, 640, 646, 656.

9. The retention, termination, and replacement of Plaintiff by the Trustee in the TradeWinds Chapter 7 case are within the exclusive jurisdiction of the Bankruptcy Court pursuant to 11 U.S.C. §§327(e) and 328, and required ongoing Bankruptcy Court oversight because the money damages claims asserted in the TradeWinds Veil-Piercing Action—which is currently on appeal to the United States Court of Appeals for the Second Circuit—are a significant asset of the Estate.

10. Although the Estate is not named as a party in the Summons with Notice, other named Defendants here include:

(a) the Trustee of the Estate, Barry Mukamal, and his former accounting firm Marcum LLP (Plaintiff also included Marcum LLP's former name, Marcum Rachlin, in the case caption);

(b) the Trustee's Counsel in the TradeWinds Bankruptcy, Gordon & Rees LLP (which Plaintiff refers to as Gordon & Rees, Scully & Mansukhani LLP in the case caption), along with individual partners Lynn Gollin and Robert Mayer;

(c) the Estate's current Bankruptcy Court-approved Special Litigation Counsel in the TradeWinds Veil-Piercing Action, Susman Godfrey LLP, and individual partner Bill Carmody, selected by the Trustee with Bankruptcy Court approval;

(d) the Estate's co-plaintiff in the TradeWinds Veil-Piercing Action, TradeWinds Holdings, Inc. and its direct parent, Coreolis Holdings Inc., which have funded litigation expenses to the Trustee in order to enable him to continue to pursue the Estate's claims in the TradeWinds Veil-Piercing Action;

(e) Coreolis's counsel in the TradeWinds Veil-Piercing Action, Ressler & Ressler, and individual partners Ellen Werther and Bruce Ressler; and

(f) Orchard Capital Corporation, which supplied litigation expense funding to Coreolis and the Trustee to enable them to pursue the TradeWinds Veil-Piercing Action, and Orchard Capital's principal Richard Ressler.

11. Whether Plaintiffs' claims are eventually styled as breach of contract, breach of good faith and fair dealing, tortious interference, emotional distress, conspiracy, or otherwise, it is evident even from the brief description of the facts set forth in the Summons with Notice that the gravamen of Plaintiff's case is that she herein seeks to challenge Bankruptcy Court-approved decisions made by the Trustee in connection with his professional administration of the Estate, and

to void or otherwise challenge resulting contracts and agreements between the Trustee and the Trustee's and Estate's professional advisors.

12. As a result, Plaintiff's claims asserted in the Removed Case arise in the TradeWinds Bankruptcy and the Removed Case is a core proceeding.

13. The Removed Case is also clearly related to the TradeWinds Bankruptcy because the outcome of this proceeding will undoubtedly affect the Estate being administered in bankruptcy by interfering with Defendants' ongoing prosecution of the TradeWinds Veil-Piercing Action, which, if successful, will ultimately financially benefit the Estate.

14. Not only is Plaintiff's case subject to bankruptcy jurisdiction and removal, but its very initiation violated the federal *Barton* doctrine, *see Barton v. Barbour*, 104 U.S. 126 (1881), which required Plaintiff to obtain prior approval from the Bankruptcy Court before filing a lawsuit against Defendants in a different jurisdiction.

15. The Trustee filed a motion in the TradeWinds Bankruptcy to sanction Plaintiff's blatant *Barton* violation by requiring her to dismiss the Removed Case; however, a decision on that motion is not expected until after Defendants' upcoming removal deadline.

16. Defendants' Notice of Removal is timely pursuant to Fed. Bankr. R. 9027(a)(3) because the Served Defendants were served with copies of the Summons with Notice in the Removed Case on or after October 13, 2015, though not all Defendants have yet been served.

## Process and Pleadings

17. This Notice of Removal is accompanied by a copy of Plaintiff's Summons with Notice, which is the only process or pleading filed to date in the Removed Case.

18. True and correct copies of this Notice of Removal and all attachments hereto are being simultaneously filed in the State Court suit and served upon every other party to the Removed Case.

### Filing of Notice of Removal in State and District Courts

19. Promptly after the filing hereof, the undersigned will file copies of this Notice of Removal with the Clerk of the State Court and the Clerk of the United States District Court for the Southern District of New York.

Dated: November 6, 2015

Respectfully submitted,

**RESSLER & RESSLER LLP**

By:    */s/ Ellen R. Werther*

Ellen R. Werther
Bruce J. Ressler
48 Wall Street
New York, NY 10005
Telephone: 212-695-6446
Fax: 212-268-0287
Email:    ewerther@resslerlaw.com
          bressler@resslerlaw.com

*For Defendants Ressler & Ressler; Ellen Werther; Bruce Ressler; Coreolis Holdings, Inc.; TradeWinds Holdings, Inc.; Orchard Capital Corporation and Richard Ressler*

**GORDON & REES LLP**

By:     /s/ Capri Trigo

Capri Trigo
200 S. Biscayne Blvd., Suite 4300
Miami, Florida  33131
Telephone:  305-428-5300
Fax:   877-644-6207
Email: ctrigo@gordonrees.com

*For Defendants Barry Mukamal, solely in his professional capacity as Chapter Trustee for TradeWinds Airlines, Inc.; and Gordon & Rees, Scully & Mansukhani LLP*

**L'ABATTE, BALKAN, COLAVITA & CONTINI, LLP**

By:     /s/ Anthony P. Colavita

Anthony P. Colavita
1001 Franklin Avenue
Garden City, NY 11530
Telephone: 516-294-8844
Fax: 516-294-8202
Email: acolavita@lbcclaw.com

*For Defendants Marcum LLP and Marcum Rachlin*

**SUSMAN GODFREY LLP**

By:     /s/ Mark H. Hatch-Miller

Mark H. Hatch-Miller
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Fax:  (212) 336-8340
Email: mhatch-miller@susmangodfrey.com

*For Defendants Susman Godfrey LLP and Bill Carmody*