**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VIOLET ELIZABETH GRAYSON,

Plaintiff,

vs.

RESSLER & RESSLER; ELLEN WERTHER; BRUCE RESSLER; TRADEWINDS HOLDINGS INC.; COREOLIS HOLDINGS INC.; RICHARD RESSLER; ORCHARD CAPITAL CORPORATION; GORDON & REES, SCULLY & MANSUKHANI LLP; LYNN GOLLIN; ROBERT MAYER; MARCUM LLP; MARCUM RACHLIN; BARRY MUKAMAL; SUSMAN GODFREY LLP; and BILL CARMODY,

Defendants.

Case No. 1:15-cv-08740

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA

RESSLER & RESSLER
Ellen R. Werther
Bruce J. Ressler
48 Wall Street
New York, New York 10005
Telephone: (212) 695-6446
*For Defendants Coreolis Holdings, Inc., TradeWinds Holdings, Inc., Richard Ressler, Orchard Capital Corporation, Ressler & Ressler, Ellen Werther, and Bruce Ressler*

## TABLE OF CONTENTS


| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
| ARGUMENT | 7 |
| A. The Southern District of Florida is Presumptively the Appropriate Venue Because This Case Arises Out of and Relates to Actions Taken and Orders Issued by that Court | 7 |
| B. The Interests of Justice Favor Transfer to the Southern District of Florida | 9 |
| C. No Party Will Be Inconvenienced by a Transfer to the Southern District of Florida | 10 |
| CONCLUSION | 12 |

## TABLE OF AUTHORITIES

CASES Page

*Barton v. Barbour*,
104 U.S. 126 (1881) .......................................................... *passim*

*Carter v. Rodgers*,
220 F.3d 1249 (11th Cir. 2000)........................................... 4

*City of Liberal, Kan. v. Trailmobile Corp.*,
316 B.R. 358 (D. Kan. 2004) ............................................... 7

*In re Crown Vantage, Inc.*,
421 F.3d 963, 963 (9th Cir. 2005) ........................................ 4

*Delaware Trust Co. v. Wilmington Trust, N.A.*,
534 B.R. 500 (S.D.N.Y. 2015) .............................................. 9

*In re Enron Corp.*,
317 B.R. 629 (S.D.N.Y. Bankr. 2004) .................................... 11

*In re General Growth Properties, Inc.*,
426 B.R. 71, 76 (S.D.N.Y. Bankr. 2010) ................................ 4

*In re Grumman Olson Indus., Inc.*,
329 B.R. 411 (S.D.N.Y. Bankr. 2005) .................................... 7

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*,
419 F. Supp. 2d 395 (S.D.N.Y. 2005) ..................................... 9

*In re JCC Capital Corp.*,
147 B.R. 349, 356 (S.D.N.Y. Bankr. 1992)................................ 7

*Lawrence v. Goldberg*,
573 F.3d 1265 (11th Cir. 2009) ............................................ 4

*Lebovits v. Scheffel (In re Lehal Realty Assocs.)*,
101 F.3d 272 (2nd Cir. 1996) .............................................. 4

## TABLE OF AUTHORITIES

Page

*In re Manville Forest Prods. Corp.*,
896 F.2d 1384 (2d Cir. 1990) .......................................... 7-8

*McAndrew v. Lockheed Martin Corp.*,
206 F.3d 1031 (11th Cir. 2000) .......................................... 8

*McDaniel v. Blust*,
668 F.3d 153 (4th Cir. 2012) .......................................... 4

*Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*,
474 B.R. 526 (S.D. Ohio Bankr. 2012) ................................. 9

*Trafford Distributing Center, Inc. vs. Bakst, et al.*
(*In re Trafford Distributing Center, Inc.*),
520 B.R. 147 (Bankr. S.D. Fla. 2014) .................................. 4

*Wald v. Bank of Am. Corp.*,
856 F. Supp. 2d 545 (S.D.N.Y. 2012) .................................. 5, 10

STATUTES

11 U.S.C. §362 .......................................................... 4

11 U.S.C. § 327(e) ....................................................... 9

11 U S.C. §328 .......................................................... 9

28 U.S.C. § 1391(b)(2) ................................................... 7

28 U.S.C. § 1404(a) ...................................................... 7

28 U.S.C. § 1412 ......................................................... 7

Pursuant to 28 U.S.C. §§ 1404(a) and 1412, Defendants Coreolis Holdings, Inc., TradeWinds Holdings, Inc., Richard Ressler, Orchard Capital Corporation, Ressler & Ressler, Ellen Werther, and Bruce Ressler (collectively "Defendants" or "Coreolis") move to transfer this action, in the interest of justice and the convenience of the parties, to the United States Bankruptcy Court for the Southern District of Florida, where the TradeWinds Airlines, Inc. bankruptcy case, is currently pending before United States Bankruptcy Judge A. Jay Cristol. *In re Tradewinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla.) (the "Tradewinds Bankruptcy"), in which all the parties herein, including plaintiff, Violet Elizabeth Grayson ("Ms. Grayson") are currently appearing.

**PRELIMINARY STATEMENT**

It is in the interest of justice to transfer venue to the United State Bankruptcy Court of the Southern District of Florida for at least six reasons:

[1] This action arises in or relates to the TradeWinds Bankruptcy, and a motion to hold Ms. Grayson in contempt for filing the instant action is currently *sub judice* before Judge Cristol;

[2] Ms. Grayson's claims relate to the propriety of the Bankruptcy Trustee's decision to terminate and replace her, as special litigation counsel, which action overseen and approved by Judge Cristol, as part of the Tradewinds Bankruptcy;

[3] Judge Cristol has retained jurisdiction over the propriety of Ms. Grayson's dismissal, including whether she was terminated for cause, and has Ordered Ms. Grayson, the Trustee and Coreolis not to publicly disclose the circumstances of her termination, pending further Order of the Bankruptcy Court;

[4] The claims asserted against Coreolis in this action are identical to the claims Ms. Grayson has alleged against the Trustee; indeed, Ms. Grayson has alleged that Coreolis conspired with the Trustee to wrongfully terminate her. Thus, any ruling in this action on the merits of the claims asserted against Coreolis would necessarily impact the claims asserted by Ms. Grayson against the Trustee as part of the TradeWinds Bankruptcy.

[5] There is a risk of inconsistent decisions between this Court and the Bankruptcy Court on the virtually identical issues raised by Ms. Grayson's claims, which would be avoided by transferring this action to Judge Cristol; and

[6] All of the witnesses to the alleged conspiracy and other claims are located in the Florida, as are their records which would necessarily be part of the discovery in this action.

## BACKGROUND

Judge Cristol is intimately familiar with the core dispute in this case because of his role in the management of the Tradewinds Bankruptcy over the course of the last seven years. Judge Cristol oversaw Ms. Grayson's initial retention as special litigation counsel, on a contingent fee basis, to the Trustee in 2009. *See* Tradewinds Bankruptcy Dkt. Nos. 229, 258.[1]

Almost four years later, in August 2013, the Trustee exercised his business judgment and decided to terminate Ms. Grayson and retain suitable replacement counsel. Ms. Grayson did not bow out of that role gracefully, and as a result, in August 2013, the Trustee had to file a motion for emergency relief in the Bankruptcy Court to enforce Ms. Grayson's termination. *See id.* Dkt. No. 637. Ms. Grayson agreed to withdraw only after Judge Cristol denied her request to file her

[1] All Docket Number references herein are to the TradeWinds Bankruptcy Electronic Docket, *In re Tradewinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla.).

opposition papers under seal. *See* Dkt. Nos. 635, 640. Judge Cristol subsequently approved the Trustee's retention of replacement counsel. *See* Dkt. No. 646.

Then Ms. Grayson moved in the Bankruptcy Court for Discovery and an Evidentiary Hearing on whether she was improperly terminated as special litigation counsel without cause. Judge Cristol held a hearing on January 24, 2014, and cautioned all parties, including Grayson, the Trustee and Coreolis that, given the sensitive nature of the circumstances surrounding Ms. Grayson's termination and the potential adverse impact on the estate, those circumstances should not be publicly disclosed pending further Order of the Bankruptcy Court. *See* Dkt. No. 656. Judge Cristol made clear that he retained jurisdiction, and that the final resolution of the issues related to Ms. Grayson's termination would be heard and determined only after the litigation she had previously handled for the Trustee was no longer pending. *See* Dkt. Nos. 670, 675.

Judge Cristol entered an Order, filed January 28, 2014, that directed the Trustee and Coreolis to deliver to Ms. Grayson confidential Statements on the circumstances of her termination, and further directed that Ms. Grayson, the Trustee and Coreolis keep the substance of those Statements confidential, not to file the Statements with any court nor disclose their substance of the reasons given for her termination to any person or entity (other than counsel), without further order of the Bankruptcy Court. (*See* Dkt. Nos. 670, Exhibit 2 to Werther Declaration.)[2]

In derogation of Judge Cristol's Order, and in violation of the automatic stay, Ms. Grayson then, without prior approval from the Bankruptcy Court, commenced the instant action in New York state court against the Trustee, Coreolis, and their counsel— asserting claims which

---

[2] Reference is made to the Declaration of Ellen R. Werther, dated November 9, 2015, and filed in Support of Defendants' Motion to Transfer Venue ("Werther Dec.").

relate *specifically* to the circumstances of her termination. (*See* Summons with Notice, Exhibit 1 to Werther Dec.) Ms. Grayson's actions were directly at odd with Judge Cristol's prior Orders. A complaint in which there are detailed allegations supporting claims such as those listed in the Summons with Notice would necessarily publicly air the very information the Bankruptcy Court has sought to protect in its prior orders.

Accordingly, the Trustee filed an emergency motion before Judge Cristol seeking sanctions against Ms. Grayson for initiating litigation against the Trustee, Coreolis and their professionals and advisors without prior court approval, in violation of the well settled *Barton* doctrine, and an Order directing Ms. Grayson to dismiss her New York lawsuit. *See* Dkt. No. 699, Ex. 3 to Werther Dec. *See also Barton v. Barbour*, 104 U.S. 126 (1881); *see also Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir. 2009) (holding that the Trustee, its professionals, as well as related third parties like Coreolis are protected by the *Barton* doctrine); *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000); *Lebovits v. Scheffel* (*In re Lehal Realty Assocs.*) 101 F.3d 272 (2nd Cir. 1996); *In re Crown Vantage, Inc.*, 421 F.3d 963, 963 (9th Cir. 2005).[3] Judge Cristol has previously ruled, in a virtually identical case, that, "Cases filed in violation of the *Barton* doctrine are *void ab initio*." *Trafford Distributing Center, Inc. vs. Bakst, et al.* (*In re Trafford Distributing Center, Inc.*), 520 B.R. 147 (Bankr. S.D. Fla. 2014) (dismissing claims brought in state court action with prejudice on the basis of the *Barton* doctrine)). The Trustee made clear to the Bankruptcy Court that an ongoing action against Coreolis would be as detrimental to the estate as

[3] A defendant sued in violation of the *Barton* doctrine can either seek an injunction against litigation filed in another venue, *see, e.g.*, *In re General Growth Properties, Inc.*, 426 B.R. 71, 76 (S.D.N.Y. Bankr. 2010) (ordering plaintiff to dismiss Illinois state court action as violating the *Barton* doctrine and the automatic stay under §362 of the Bankruptcy Code), or move to dismiss the unauthorized suit for lack of subject matter jurisdiction, *see, e.g.*, *McDaniel v. Blust*, 668 F.3d 153 (4th Cir. 2012) (affirming dismissal of case filed against a bankruptcy trustee in violation of *Barton* for lack of subject matter jurisdiction). For now, Coreolis has elected to follow the former course because Ms. Grayson initiated this case through a summons with notice rather than a complaint, and thus the time for Coreolis to answer or otherwise respond has not yet passed.

an action against the Trustee, and asked that the Bankruptcy Court direct Ms. Grayson to dismiss her improper New York action as against all defendants.

A hearing was held on the Trustee's emergency motion on November 2, 2015, wherein Judge Cristol cautioned Ms. Grayson that she may well be facing sanctions; and directed Ms. Grayson, the Trustee and Coreolis to submit proposed Memorandum Decisions for his consideration by November 6, 2015.

On November 6, 2015, the Trustee and Coreolis submitted a Joint Proposed Memorandum Decision granting the Motion to Compel Ms. Grayson to Dismiss the New York Action, in its entirety, as against all defendants. It is made clear in that Joint Proposed Memorandum Decision that commencement of an action against Coreolis is tantamount to the commencement of an action against the Trustee and its professionals, given the intertwined nature of the claims asserted and circumstances of the Bankruptcy Case.

Also on November 6, 2015, the Trustee, Coreolis and the other defendants removed Ms. Grayson's state court action to this Court, to be followed by this Motion to Transfer Venue, as a prophylactic measure to ensure against the possibility of inconsistent rulings on the same issues in two courts.[4] *See Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (S.D.N.Y. 2012) (discussing how venue transfer can help ensure against the possibility of inconsistent rulings in closely-related cases). The Trustee and Coreolis have advised the Bankruptcy Court that this case has been removed. (Werther Dec. ¶11)

---

[4] The Trustee and Coreolis advised Judge Cristol at the November 2 hearing that they intended to remove the state court action initiated to federal court, and move to transfer venue to Florida to assure his continuing jurisdiction over the issues raised. However, due to scheduling, Judge Cristol was not expected to rule until after the deadlines to remove this case from state court and transfer venue to Florida.

However, unbeknownst to the Trustee and Coreolis, Ms. Grayson had secretly filed a voluntary notice of dismissal of her state court action, without prejudice, as against all defendants, other than Coreolis, on November 5. Ms. Grayson disclosed this for the first time on November 6, when she filed a competing proposed Memorandum Decision with the Bankruptcy Court, referring to the partial dismissal. Notably, Ms. Grayson has advised that she intends to revive those claims against the Trustee and his counsel, through yet another action in the Bankruptcy Court. (Werther Dec. ¶¶12-13)

In short, Ms. Grayson is attempting to bifurcate the proceedings by prosecuting the claims against Coreolis in this Court, while litigating virtually identical claims, arising from the same transaction or series of transactions, against the Trustee in the Bankruptcy Court. A litigation tactic of this kind is improper and is designed to increase attorneys' fees and costs to the detriment of estate, Coreolis and others. Judge Cristol has been so advised.

The Motion to Compel Ms. Grayson to dismiss this action, in its entirety, is now *sub judice* before Judge Cristol. The Trustee and Coreolis anticipate that Judge Cristol will order Ms. Grayson to dismiss this case as to all defendants, or face sanctions, because it was initiated in violation of the *Barton* doctrine and filed in derogation of outstanding Orders of the Bankruptcy Court.

Regardless of the outcome of that motion, the simple truth is that the case at its core is based on the conduct of a Bankruptcy Trustee undertaken with Bankruptcy Court approval, and as a result the interests of justice strongly favor transfer to the same Bankruptcy Court.

## ARGUMENT

Defendants move to transfer this case to Judge Cristol's court in the United States Bankruptcy Court for the Southern District of Florida in the interest of justice, pursuant to either 28 U.S.C. § 1404(a) (transfer of "any civil action"), or 28 U.S.C. § 1412 (transfer of any "case or proceeding under title 11 . . . in the interest of justice"). "[T]he factors courts apply in determining whether to transfer venue are the same under either section 1404(a) or 1412." *In re JCC Capital Corp.*, 147 B.R. 349, 356 (S.D.N.Y. Bankr. 1992).[5] "The decision to change venue lies within the sound discretion of the court . . . based on 'an individualized, case-by-case consideration of convenience and fairness.'" *In re Grumman Olson Indus., Inc.*, 329 B.R. 411, 435 (S.D.N.Y. Bankr. 2005). Here, this case should in fairness proceed—if it proceeds at all after Ms. Grayson's violation of *Barton*—before Judge Cristol in the Bankruptcy Court for the Southern District of Florida.

### A. <u>The Southern District of Florida is Presumptively the Appropriate Venue Because This Case Arises Out of and Relates to Actions Taken and Orders Issued by that Court</u>

Although "[t]he moving party bears the burden of proving by a preponderance of the evidence that a change of venue is appropriate," in bankruptcy or bankruptcy-related cases "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384 (2d

[5] "The only substantial difference between [§ 1412 and § 1404(a)] is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally." *See City of Liberal, Kan. v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004). Ms. Grayson's case could initially have been filed in the Southern District of Florida because a substantial part of the events giving rise to her claims—the termination and replacement of Ms. Grayson as special litigation counsel—occurred in the Southern District of Florida, where the Trustee of the Tradewinds Bankruptcy Estate, is based and where Judge Cristol, who approved the termination, sits. *See* 28 U.S.C. § 1391(b)(2).

Cir. 1990); *In re JCC*, 147 B.R. at 357. This entire case arises in and is related to the Tradewinds Bankruptcy pending before Judge Cristol in the Southern District of Florida.

Ms. Grayson's Summons with Notice, initially filed in the New York Supreme Court, states that her claims "arise from a nexus of fact involving Plaintiff Grayson's termination as counsel of record for Tradewinds Airlines in Case No. 08 Civ. 5901 (JFK) [the 'Tradewinds Veil-Piercing Action'], litigated in the United States District Court for the Southern District of New York, her replacement as counsel of record in said action by Susman Godfrey LLP and Bill Carmody, and the litigation of said action subsequent to the above change of counsel for Tradewinds Airlines." (*See* Ex. 1 to Werther Dec.)

The claims articulated in the Summons with Notice all arise from, or are related to, the circumstances surrounding Ms. Grayson's termination as the Trustee's special litigation counsel. The claims asserted against Coreolis, the Trustee, and his professionals are inextricably intertwined; indeed, they are identical. Among other allegations, Ms. Grayson asserts that Coreolis wrongfully conspired with the Trustee and his professionals to cause her wrongful termination, and tortuously interfere with her beneficial and/or contractual relations. *Id.*

Inasmuch as a civil conspiracy requires proof of "an agreement between two or more people to achieve an illegal objection, an overt act in furtherance of that illegal objection, and a resulting injury to the plaintiff," *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000), any resolution of Ms. Grayson's various conspiracy claims would necessarily involve both the Trustee and Coreolis. Indeed, none of the claims asserted by Ms. Grayson in this action can be resolved without the involvement of both the Trustee and Coreolis. Even if the New York action were to proceed against Coreolis alone, the Trustee and his professionals would necessarily be involved in discovery, and the very confidential information that the Bankruptcy Court has

sought to protect in its prior orders would necessarily be subject to disclosure to the detriment of the estate.

Notably, it is highly likely that none of Ms. Grayson's claims asserted in this action against Coreolis would survive a finding by the Bankruptcy Court that Ms. Grayson was terminated by the Trustee for cause. The Bankruptcy Court has exclusive jurisdiction over the Trustee's retention and termination of professionals, including special litigation counsel like Grayson. 11 U.S.C. §§ 327(e), 328. Thus, the ultimate question in this case—*to wit*, whether Ms. Grayson was terminated for cause—is an issue for the Bankruptcy Court.

In sum, Ms. Grayson's primary claim seeks damages for the Florida-based Trustee's Florida-court-approved decision to fire her as the Debtor's special litigation counsel. As a result, the Southern District of Florida is presumptively the appropriate venue for this case despite Ms. Grayson's initial decision to file in New York. *See, e.g.*, *Delaware Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 521 (S.D.N.Y. 2015) (Engelmayer, J.) (transferring case because of pending bankruptcy proceeding in another district, despite plaintiff's choice and genuine connection to New York forum); *Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526, 569, 572 (S.D. Ohio Bankr. 2012) (concluding that bankruptcy-related case should be transferred to district where underlying bankruptcy was pending despite plaintiff's choice of a different forum).

B. <u>The Interests of Justice Favor Transfer to the Southern District of Florida</u>

Determining whether a transfer is in the interest of justice requires a totality-of-the-circumstances inquiry into issues of judicial economy. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005). "It is beyond dispute . . . that 'the existence of a related action in the transferee district is a strong factor to be weighed with regard

to judicial economy.'" *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (S.D.N.Y. 2012). Here, that factor alone carries decisive weight—not least because sending this case to the Southern District of Florida is needed to avoid inconsistent rulings on issues that Judge Cristol has already repeatedly confronted. *See id.* (noting that sending related cases to the same court serves justice by, among other things, reducing the likelihood of inconsistencies). The importance of avoiding inconsistency here far outweighs any deference to the plaintiffs' forum choice.

As discussed above, Judge Cristol has reserved decision on whether Ms. Grayson should be compelled to dismiss the instant action or face sanctions for violating the *Barton* doctrine by bringing this action without prior bankruptcy court approval. *See* Dkt. Nos. 699, 700, 706. Whether Judge Cristol decides to impose sanctions or not, the fact that Ms. Grayson filed this case in clear violation of *Barton*'s rule against unauthorized lawsuits affecting the bankruptcy estate is further reason why justice favors transfer to the underlying bankruptcy court. The very purpose of the *Barton* doctrine is to give the bankruptcy court control over who can sue a court-appointed Trustee and related parties like Coreolis.

Here, where Ms. Grayson alleges conspiracy between the Trustee and Coreolis, a lawsuit against Coreolis is tantamount to a lawsuit against the Trustee. Allowing a plaintiff like Ms. Grayson to choose her venue at will and avoid bankruptcy court oversight over that choice would completely short-circuit *Barton*.

C. <u>No Party Will Be Inconvenienced by a Transfer to the Southern District of Florida</u>

The convenience of the parties also favors transfer of this case to the Southern District of Florida. The factors that a court may consider in assessing convenience to the parties include the (1) location of the parties, (2) ease of access to the necessary proof, (3) the convenience of the witnesses and the parties and their relative physical and financial condition, (4) the availability of

the subpoena power for unwilling witnesses, and (5) the expense of obtaining unwilling witnesses. *In re Enron Corp.*, 317 B.R. 629, 639 (S.D.N.Y. Bankr. 2004). Here, although Ms. Grayson and some of the Coreolis defendants are New York-based, these New York-based parties all, including Ms. Grayson herself, have had significant prior contacts with Judge Cristol in the Southern District of Florida due to the Tradewinds Bankruptcy. (Werther Dec. ¶16.)

Indeed, Ms. Grayson has advised that she intends to litigate the propriety of her dismissal before the Bankruptcy Court. Ms. Grayson has also advised that she intends to file yet another lawsuit against the Trustee for, among other things, conspiring with Coreolis to wrongfully terminate her, and asserting the same claims she initially asserted in the Summons with Notice. (Werther Dec. ¶13.) Thus, this is not a question as to whether the claims asserted by Ms. Grayson should be heard in New York or Florida; it is a question as to whether the same claims, arising from the same transactions, should be heard in New York *and* Florida.

Further, the witnesses to the supposed conspiracy between the Trustee and Coreolis reside in Florida, including the Trustee himself, as well as his counsel. They have advised that they have little connection to New York. The Trustee lives and works in South Florida. The Trustee's counsel in the TradeWinds Bankruptcy, Gordon & Rees LLP, and two individual Gordon & Rees attorneys, Lynn Gollin and Robert Mayer who are responsible for the TradeWinds case, have little connection to New York. Although Gordon & Reese maintains a New York office, Ms. Gollin and Mr. Mayer live and work in South Florida. (Werther Dec. ¶16.)

The other convenience factors also favor Florida. The necessary proof is easily as accessible in Florida as it is anywhere else. There are no conceivable witnesses other than Ms. Grayson, the Trustee and its counsel, and Coreolis. All are willing to participate in an action

venued in the Southern District of Florida before Judge Cristol. Thus there is no risk related to the availability of witness subpoenas or costs associated with such subpoenas.

## CONCLUSION

For the foregoing reasons, Coreolis respectfully requests that the Court transfer this case to Judge Cristol's court in the Southern District of Florida, and grant such other and further relief as the Court deems just and proper.

Dated: November 9, 2015

Respectfully submitted,

By: Ellen R. Werther

Ellen R. Werther
Bruce J. Ressler
RESSLER & RESSLER
48 Wall Street
New York, NY 10005
Telephone: (212) 695-6446
ewerther@resslerlaw.com

*For Defendants Coreolis Holdings, Inc., TradeWinds Holdings, Inc., Richard Ressler, Orchard Capital Corporation, Ressler & Ressler, Ellen Werther, and Bruce Ressler*

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

CATHLEEN R. GUARNERI, being duly sworn deposes and says:

I am not a party to the action, am over the age of 18 years and reside in Richmond County, New York.

That on the 9th day of November, 2015, I served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA** upon the parties listed below, via Email and Regular Mail, at their respective addresses, the address for said purpose by depositing a true copy of same enclosed in a post-paid addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

To:

VIOLET ELIZABETH GRAYSON
*Attorney at Law*
548 West 148th Street
New York, New York 10031
(646) 406-1512
Email: vegrayson@gmail.com
*For Plaintiff*

SUSMAN GODFREY LLP
Mark H. Hatch-Miller
560 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 336-8330
Email: mhatch-miller@susmangodfrey.com
*For the Bankruptcy Trustee's Special Litigation Counsel*

GORDON & REES LLP
Capri Trigo
200 S. Buscayne Blvd., Suite 4300
Miami, Florida 33131
(305) 428-5300
Email: ctrigo@gordonrees.com
For Baryy Mukamal, Bankruptcy Trustee in the Tradewinds Airlines Bankruptcy Case; and Trustee's Bankruptcy Counsel, Gordon & Rees, Scully & Mansukhani, LLP

L'ABBATE, BALKAN COLAVITA & CONTINI, LLP
Anthony P. Colavita
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844
Email: acolavita@lbcclaw.com
*For the Bankruptcy Trustee's Professional Advisors, Marcum LLP and Marcum Rachlin*

CATHLEEN R. GUARNERI

SWORN TO BEFORE ME ON THIS
9TH DAY OF NOVEMBER, 2015

NOTARY PUBLIC

**MARY ANN PEDUTO**
**Notary Public, State of New York**
**No. 01PE4896894**
**Qualified in Kings County**
**Commission Expires Nov. 23, 2017**