**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIOLET ELIZABETH GRAYSON,<br><br>Plaintiff,<br><br>vs.<br><br>RESSLER & RESSLER; ELLEN WERTHER; BRUCE RESSLER; TRADEWINDS HOLDINGS INC.; COREOLIS HOLDINGS INC.; RICHARD RESSLER; ORCHARD CAPITAL CORPORATION; GORDON & REES, SCULLY & MANSUKHANI LLP; LYNN GOLLIN; ROBERT MAYER; MARCUM LLP; MARCUM RACHLIN; BARRY MUKAMAL; SUSMAN GODFREY LLP; and BILL CARMODY,<br><br>Defendants. | Case No. 1:15-cv-08740<br><br>**DECLARATION OF ELLEN. R. WERTHER IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA** |

I, Ellen R. Werther, pursuant to 28 U.S.C. §1746, declare, as follows:

1. I am a partner in the law firm of Ressler & Ressler, counsel for Defendants Coreolis Holdings, Inc., TradeWinds Holdings, Inc., Richard Ressler, Orchard Capital Corporation, Ressler & Ressler, Ellen Werther, and Bruce Ressler (collectively "Defendants" or "Coreolis") in the above-captioned action. I submit this Declaration in support of Defendants' Motion to Transfer venue of this action, pursuant to 28 U.S.C. §§ 1404(a) and 1412, to the United States Bankruptcy Court for the Southern District of Florida, dated November 9, 2015.

2. This action arises in or relates to the TradeWinds Airlines, Inc. bankruptcy case, currently pending before United States Bankruptcy Judge A. Jay Cristol in the Southern District of Florida. *In re Tradewinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla.) (the "Tradewinds Bankruptcy"), in which all the parties herein, including plaintiff, Violet Elizabeth Grayson ("Ms. Grayson") are currently appearing.

3. Ms. Grayson commenced the instant action, without prior approval of the Bankruptcy Court, in the Supreme Court of the State of New York, New York County, by way Summons with Notice, asserting claims against the Bankruptcy Trustee, his counsel, and Coreolis, as related parties, for claims arising from "a nexus of fact involving" her termination as special litigation counsel for the Bankruptcy Trustee. A true and correct copy of the Summons with Notice is attached as **Exhibit 1**.

4. Ms. Grayson's termination as special counsel to the Bankruptcy Trustee and her replacement was overseen and approved by the Bankruptcy Court in the TradeWinds Bankruptcy. *See* Tradewinds Bankruptcy Dkt. Nos 635, 637, 640, 646.[1]

5. The Bankruptcy Court has retained jurisdiction over the issue of whether Ms. Grayson was terminated by the Bankruptcy Trustee of cause, and directed that the final resolution of the issues related to Ms. Grayson's termination would be heard and determined only after the litigation she had previously handled for the Bankruptcy Trustee was no longer pending. *See* Dkt. Nos. 670, 675.

---

[1] All Docket Number references herein are to the TradeWinds Bankruptcy Electronic Docket, *In re Tradewinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla.).

6. By Order filed January 28, 2014, the Bankruptcy Court directed the Bankruptcy Trustee and Coreolis to deliver to Ms. Grayson confidential Statements on the circumstances of her termination, and further directed that Ms. Grayson, the Trustee and Coreolis keep the substance of those Statements confidential, not to file the Statements with any court nor disclose their substance of the reasons given for her termination to any person or entity (other than counsel), without further order of the Bankruptcy Court. *See* Dkt. Nos. 670. A true and correct copy of that Order is attached as **Exhibit 2**.

7. Ms. Grayson then, without prior approval from the Bankruptcy Court, commenced the instant action in New York state court against the Trustee, Coreolis, and their counsel—asserting claims which relate *specifically* to the circumstances of her termination.

8. Accordingly, the Bankruptcy Trustee filed an Emergency Motion with the Bankruptcy Court on October 23, 2015, to Compel Ms. Grayson to dismiss her New York action, as to all defendants, as being filed in violation of the automatic stay and the Barton doctrine, and for sanctions. *See* Dkt. 699. A true and correct copy of the Trustee's Emergency Motion to Compel (without exhibits) is attached as **Exhibit 3**.

9. A hearing was held on the Bankruptcy Trustee's emergency motion on November 2, 2015, wherein Judge Cristol cautioned Ms. Grayson that she may well be facing sanctions, and directed Ms. Grayson, the Trustee and Coreolis to submit proposed Memorandum Decisions for his consideration by November 6, 2015.

10. On November 6, 2015, the Trustee and Coreolis submitted a Joint Proposed Memorandum Decision granting the Motion to Compel Ms. Grayson to Dismiss the New York Action, in its entirety, as against all defendants. It is made clear in that Joint Proposed Memorandum Decision that commencement of an action against Coreolis is tantamount to the

commencement of an action against the Trustee and its professionals, given the intertwined nature of the claims asserted and circumstances of the Bankruptcy Case.

11. Also on November 6, 2015, the Bankruptcy Trustee, Coreolis and the other defendants removed Ms. Grayson's state court action to this Court, to be followed by this Motion to Transfer Venue, as a prophylactic measure to ensure against the possibility of inconsistent rulings on the same issues in two courts. The Trustee and Coreolis have advised the Bankruptcy Court that this case has been removed.

12. Unbeknownst to the Trustee and Coreolis, Ms. Grayson had filed a voluntary notice of dismissal of her state court action, without prejudice, as against all defendants, other than Coreolis, on November 5.

13. Ms. Grayson disclosed this for the first time on November 6, when she filed a competing proposed Memorandum Decision with the Bankruptcy Court, referring to the partial dismissal. Ms. Grayson has advised that she intends to revive those claims against the Trustee and his counsel, through yet another action in the Bankruptcy Court, to be tried and heard by Judge Cristol.

14. The Emergency Motion to Compel Ms. Grayson to dismiss this action, in its entirety, is now *sub judice* before Judge Cristol.

15. Unless this action is transferred to Judge Cristol, there is a risk of inconsistent decisions on, among other things, the propriety of Ms. Grayson's termination as special counsel by the Bankruptcy Trustee, and whether, as alleged by Ms. Grayson, the Bankruptcy Trustee wrongfully conspired with Coreolis to terminate her without cause.

16. The convenience of the parties would be served by transferring this action to the Southern District of Florida, as follows:

(a) Ms. Grayson and some of the Coreolis defendants are New York-based, however, they all, including Ms. Grayson herself, have had significant prior contacts with Judge Cristol in the Southern District of Florida due to the Tradewinds Bankruptcy;

(b) The witnesses to the supposed conspiracy between the Bankruptcy Trustee and Coreolis reside in Florida, including the Bankruptcy Trustee himself, as well as his counsel. They have advised that they have little connection to New York. The Bankruptcy Trustee lives and works in South Florida, and his counsel in the TradeWinds Bankruptcy, Gordon & Rees LLP, and two individual Gordon & Rees attorneys, Lynn Gollin and Robert Mayer who are responsible for the TradeWinds case, have little connection to New York. Although Gordon & Reese maintains a New York office, Ms. Gollin and Mr. Mayer live and work in South Florida. All are willing to participate in an action venued in the Southern District of Florida before Judge Cristol.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, this 9th day of November, 2015.

Ellen R. Werther