TELEPHONE: (212) 695-6446

48 WALL STREET / NEW YORK, NY 10005

RESSLER & RESSLER
ATTORNEYS AT LAW

November 10, 2015

***Via ECF***

Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY10007

**Re: Grayson v. Ressler & Ressler, et al.
(Case No. 1:15-cv-08740)**

Dear Judge Ramos:

We represent Coreolis Holdings, Inc., TradeWinds Holdings, Inc., Richard Ressler, Orchard Capital Corporation, Ressler & Ressler, Ellen Werther, and Bruce Ressler (collectively, "Coreolis" or "Defendants") in the above-referenced action.

By this Letter Motion, Coreolis seeks an Order holding this case in abeyance until the Defendants' Motion to Transfer Venue to the United States Bankruptcy Court for the Southern District of Florida, dated November 9, 2015, is determined by this Court, for the following reasons:

[1] This action was commenced by Summons with Notice in the Supreme Court of the State of New York, and removed to this Court by Notice of Removal on November 6, 2015. (*See* ECF Dkt. No. 1, Ex. 1.) There is little precedent for the treatment of a case removed to the District Court that was commenced by Summons with Notice in the state court.

[2] Under FRCP 81(c)(2), Defendants have 7 days from the Notice of Removal to answer or move to dismiss. Here, that 7 day period expires on Friday, November 13, 2015. However, in this case, no complaint has yet been filed, and, without a complaint, no answer can be filed.

[3] If Defendants filed a motion to dismiss this Friday in compliance with FRCP 81(c)(2), that motion would be virtually identical to the Emergency Motion currently pending in the United States Bankruptcy Court. (*See* ECF Dkt. No. 5, Ex. 3.) That Emergency Motion is *sub judice* before Bankruptcy Judge Cristol, and a decision is expected within the next few weeks. That would give rise to the risk of inconsistent decisions on the same issues, with the same parties, in two different courts.

[4] The claims and causes of action asserted herein all arise from the Bankruptcy Trustee's decision to terminate Plaintiff as special litigation counsel, which was heard and approved by Judge Cristol in the TradeWinds bankruptcy case. (*See* ECF Dkt. No. 5.) Plaintiff has advised that she intends to prosecute virtually identical claims against the Bankruptcy Trustee in the Bankruptcy Court. *Id.* Accordingly, Defendants have moved to transfer this action to the Bankruptcy Court where all claims can be heard and determined, without the risk of duplicative litigation, and inconsistent judgments. (ECF Dkt. Nos. 3-5.)

[5] By holding this action in abeyance until the Motion to Transfer is determined by this Court, the procedural morass raised by FRCP 81(c)(2) and the risk of inconsistent decisions are both avoided. If the Motion to Transfer is granted, then Judge Cristol in Florida can consider all the claims together. If it is denied, then this Court can set an appropriate scheduling Order, fixing the date by which a complaint must be filed, and the date by which a responsive pleading must be filed.

Accordingly, it is respectfully submitted that the Court should hold this action in abeyance pending the outcome of the Motion to Transfer and further Order of this Court.

Thank you for your consideration.

Respectfully,

Ellen R. Werther

Ellen R. Werther

cc:

All counsel (*via ECF*)