Case 1:15-cv-08740-ER Document 95 Filed 04/10/17 Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/10/2017

*V. Elizabeth Grayson*
*Attorney at Law*
*270 Ninth Avenue*
*San Francisco, CA 94118*
*(646) 406-1512*
*vegrayson@gmail.com*

Honorable Edgardo Ramos
United States District Court
40 Foley Square
New York, New York 10007

April 10, 2017

Re: *Grayson v. Ressler & Ressler et al.; Case No. 1:15-cv-08740*

Dear Judge Ramos:

I have just received your order of today's date extending time for me to file opposition to Defendant's Motion to dismiss by fourteen days, through April 27, 2017. What I should have explained in my prior application for extension of time, was that I needed the additional time, not only due to press of appellate deadlines, but also because I wished to complete discovery concerning the federal credit information cause of action in this case before reaching a decision regarding an amended complaint. Very early this morning, before receiving your order, I e-mailed both Mr. Mayer and his former firm, Gordon & Rees (which I understand holds the pertinent file), to make arrangements for document discovery and deposition of Mr. Mayer. I suggested dates in the May 8 to May 10 range for the Mayer deposition, but have yet to hear back from Mr. Mayer.

I did not serve the discovery earlier for several reasons. First, I wished to see Defendants' motion to dismiss before taking the deposition, and I assumed that I would

have ample time to complete discovery after receiving the motion, in light of the prior stipulation extending my time 60 days. Second, I only received Judge Cristol's order authorizing me to take discovery from the bankruptcy trustee's counsel on January 31, 2017, and since that time I have been heavily occupied with my appellate deadlines and trip to South Africa.

In light of the foregoing, I would like to request that the Court extend my time to file an amended complaint or an opposition to the motion to dismiss, though May 30, so that I can complete the discovery before deciding whether or how to amend. I believe that this would be fair, given of my reliance upon the earlier stipulation extending time, although I now understand that this Court does not regard it as binding under the present circumstances.

If, however, this Court were not willing to extend my time to respond through May 30, 2017, it would be possible, although far from ideal, for me to file an Amended Complaint, without the benefit of discovery, by April 27. I believe that an amended complaint would moot the pending motion to dismiss. An amended complaint supersedes the original complaint, and therefore normally moots any pending motion to dismiss. (See *Doe v. Cuomo,* 2013 U.S. Dist. LEXIS 40899 (N.D.N.Y. decided February 22, 2013, citing *Int'l Controls v. Vesco,* 556 F.2d 665, 668-669 (2nd Cir. 1977), for proposition that "an amended complaint supersedes the original complaint, rendering it legally powerless," and denying motion to dismiss original complaint as moot. See also *Effie Film LLC v. Murphy,* 2012 U.S. Dist. LEXIS 29748 (S.D.N.Y. decided March 16, 2012) (filing of amended complaint supersedes original complaint, mooting motion to dismiss); *Yu v. Town of Southhold,* 211 U.S. Dist. LEXIS 13693 (E.D.N.Y. decided February 11,

2011) (same holding); *Byng v. Campbell,* 2008 U.S. Dist. LEXIS 107166 (N.D.N.Y. decided December 18, 2008) (same holding and collecting authorities)) Thus, if I filed an amended complaint, the pending motion to dismiss the original complaint would be mooted, and Defendants would be free to file a motion to dismiss addressed to the amended complaint.

If the Court is in disagreement with the foregoing proposition, that I may file an amended complaint mooting the pending motion to dismiss, I would appreciate learning of this at the court's earliest convenience. I also note that I will be out of the country from April 19 though April 26, so my time available, in which to meet any April 27 deadline is extremely limited.

To summarize:

1) My first preference is that my time to file either an amended complaint or an opposition to the pending motion to dismiss be extended through May 30, 2017, so that I may complete the limited discovery which would assist me in deciding whether to amend;

2) If the Court is unwilling to grant the foregoing relief, I would appreciate the court's confirmation that the deadline of April 27, 2017 contemplates filing of either opposition to the pending motion to dismiss or an amended complaint, and that an amended complaint would moot the pending motion;

3) If the Court is of the view that filing of an amended complaint would *no*t moot the pending motion, I would appreciate a further one week extension of time, through May 4, 2017, in which to complete my opposition to the pending motion, as this would allow me a week of work time after I return to the United States.

I wish to strongly emphasize that I am not seeking delay for delay's sake. On the contrary, I would like to move the case rapidly from this point forward.

Kindly regard this letter as my formal application for extension of time. I thank the Court for its continued attention to this case, and to this scheduling issue.

Respectfully submitted,
S/s
Violet Elizabeth Grayson

cc: All counsel via ECF

Pursuant to the Court's Order (Doc. 94), Plaintiff's response to the Motion to Dismiss is due April 27, 2017.

SO ORDERED.

The application is ____ granted
✓ denied

Edgardo Ramos, U.S.D.J
Dated: 4/10/2017
New York, New York