**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
VIOLET ELIZABETH GRAYSON,

Plaintiff,

v.

RESSLER & RESSLER, ELLEN WERTHER, and BRUCE RESSLER,

Defendants.
---------------------------------------------------------x

**Case No. 1:15-cv-08740**

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Ressler & Ressler, Bruce Ressler and Ellen Werther (together, "Defendants"), by and though their attorneys, as and for their Answer to the First Amended Complaint of Violet Elizabeth Grayson filed on April 21, 2017 (the "First Amended Complaint"), state:

1. Deny the allegations in paragraph 1 of the First Amended Complaint except admit that this action seeks to hold Defendants liable for: defamation (Count I), injurious falsehood (Count II), tortious interference with contract (Count III), tortious interference with prospective business advantage (Count IV), breach of contract (Count V), quantum meruit (Count VI), unjust enrichment (Count VII), conversion (Count VIII), trespass to chattel (Count IX), and prima facie tort (Count X), and respectfully refer this Court to its Opinion and Order of September 19, 2017, dismissing Count II through Count X of the First Amended Complaint.

2. Deny the allegations in paragraph 2 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth as to the allegations concerning

whether plaintiff is a citizen of the State of California, and admit, on information and belief, that plaintiff is a licensed attorney.

3. Deny the allegations of paragraph 3 of the First Amended Complaint except admit that Ressler & Ressler is a law firm with its principal place of business in New York, New York.

4. Deny the allegations of paragraph 4 of the First Amended Complaint except admit that Ellen Werther is a licensed attorney, a partner in Ressler & Ressler, and a citizen of the State of New York.

5. Deny the allegations of paragraph 5 of the First Amended Complaint except admit that Bruce Ressler is a licensed attorney, a partner in Ressler & Ressler, a citizen of the State of New York, and is married to Ellen Werther.

6. Deny the allegations of paragraph 6 of the First Amended Complaint.

7. Deny the allegations in paragraph 7 of the First Amended Complaint except admit that plaintiff purports to invoke diversity jurisdiction and that the purported amount in controversy is alleged to exceed $75,000.

8. Deny the allegations in paragraph 8 of the First Amended Complaint except admit that certain events alleged in the First Amended Complaint occurred in the County, City and State of New York and that Ressler & Ressler's principal place of business is in New York County.

9. Deny the allegations of paragraph 9 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning plaintiff's activities in 2005 or what plaintiff may have heard when she allegedly attempted to telephone the offices of C-S Aviation Services, Inc. ("C-S Aviation"), and admit, on information and belief, that in July 2003 a default judgment was entered in favor of Jet Star Enterprises Ltd.

("Jet Star") against C-S Aviation in action brought in the United States District Court for the Southern District of New York, and admit, on information and belief, that C-S Aviation went out of business on or about the date on which the default judgment entered in favor of Jet Star would have been enforceable.

10. Deny the allegations in paragraph 10 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning plaintiff's investigation, and admit that plaintiff filed an action, on behalf of Jet Star, against George Soros ("Soros"), Purnendu Chatterjee ("Chatterjee") and certain banking institutions in the United States District Court for the Southern District of New York (the "Jet Star Litigation"), asserting, *inter alia*, veil piercing claims, that the Jet Star Litigation was assigned to United States District Judge Baer, and that the civil action number of the Jet Star Litigation is 05-cv-6585 (HB).

11. Deny the allegations in paragraph 11 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning plaintiff's theories of liability and/or defendants' priorities in the Jet Star Litigation, admit that a motion for summary judgment was filed in the Jet Star Litigation and respectfully refer the Court to the Opinion and Order entered in the Jet Star Litigation on or about August 9, 2006 for the disposition of that motion, and admit that the Jet Star Litigation settled.

12. Deny the allegations in paragraph 12 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning communications and understandings between plaintiff and Tuggle Duggins P.A. ("Tuggle Duggins), admit that Tuggle Duggins is a law firm with offices in Greensboro North Carolina, that Tuggle Duggins represented TradeWinds Airlines, Inc. ("TradeWinds Airlines") in

certain litigation in the Superior Court of Guilford County, North Carolina (the "North Carolina Action"), and that C-S Aviation defaulted in the North Carolina Action on certain claims jointly asserted against it by TradeWinds Airlines, TradeWinds Holdings, Inc. and Coreolis Holdings, Inc..

13. Deny the allegations in paragraph 13 of the First Amended Complaint except admit that on or about June 27, 2008 TradeWinds Airlines secured a default judgment against C-S Aviation in the North Carolina Action, that on or about June 30, 2008 plaintiff filed a veil piercing action against Soros and Chatterjee in the United State District Court for the Southern District of New York ("TradeWinds Veil Piercing Action"), that the TradeWinds Veil Piercing Action was assigned to United States District Judge Keenan, and that the civil action number of the TradeWinds Veil Piercing Action is 08-cv-5901.

14. Deny the allegations in paragraph 14 of the First Amended Complaint except admit that on or about July 25, 2008 TradeWinds Airlines filed a chapter 11 petition in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"), that the case number for the TradeWinds bankruptcy case is 08-20394-BKC-AJC, that on or about August 20, 2008 TradeWinds Airlines filed an application with the Bankruptcy Court seeking permission to engage plaintiff and Tuggle Duggins as special litigation counsel and respectfully refer the Court to said application as to the proposed terms of engagement, and that on or about September 9, 2008, the Bankruptcy Court entered an Order authorizing the Trustee to retain plaintiff and Tuggle Duggins as special litigation counsel and respectfully refer the Court to said Order for the terms of the authorized engagement.

15. Deny the allegations in paragraph 15 of the First Amended Complaint except admit that in September 2008 Ressler & Ressler advised plaintiff that some or all of the default

judgment against C-S Aviation obtained by TradeWinds Airlines in the North Carolina Action belonged to its clients, TradeWinds Holdings, Inc. and Coreolis Holdings, Inc. (together, "Coreolis").

16. Deny the allegations in paragraph 16 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning communications between plaintiff and counsel for Soros.

17. Deny the allegations in paragraph 17 of the First Amended Complaint except admit that on or about October 30, 2008 the TradeWinds Airlines chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code, and that on or about November 31, 2008 Barry E. Mukamal was appointed as the chapter 7 Trustee for TradeWinds Airlines ("Trustee").

18. Deny the allegations in paragraph 18 of the First Amended Complaint.

19. Deny the allegations in paragraph 19 of the First Amended Complaint except admit that Coreolis filed a motion in the North Carolina Action to vacate and revise the default judgment obtained by TradeWinds Airlines, that the court in the North Carolina Action granted said motion, that the court in the North Carolina Action vacated the default judgment obtained by TradeWinds Airlines, and that the Court in the North Carolina Action fixed a discovery schedule and set the matter for trial on the issue of damages.

20. Deny the allegations in paragraph 20 of the First Amended Complaint.

21. Deny the allegations in paragraph 21 of the First Amended Complaint except admit that on or about November 26, 2008 Coreolis filed an Objection to the Trustee's Application to the Bankruptcy Court for approval to retain plaintiff as special litigation counsel pursuant to 11 U.S.C. §327(e) and approval of special litigation counsel's contingency fee arrangement pursuant to 11 U.S.C. §328, that on or about December 15, 2008 Coreolis filed a

Supplemental Objection to the Trustee's Application to the Bankruptcy Court for approval to retain plaintiff as special litigation counsel pursuant to 11 U.S.C. §327(e) and approval of special litigation counsel's contingency fee arrangement pursuant to 11 U.S.C. §328, that on or about January 7, 2009 the Bankruptcy Court entered an Order authorizing the Trustee to retain plaintiff as special litigation counsel and respectfully refer the Court to said Objection, Supplemental Objection, and Order for the nature of the objections raised by Coreolis to plaintiff's retention and the terms of the Order authorizing plaintiff's engagement.

22. Deny the allegations in paragraph 22 of the First Amended Complaint except admit that on or about January 7, 2009 the Bankruptcy Court entered an order authorizing the Trustee to engage plaintiff as special litigation counsel in the TradeWinds Veil Piercing Action and respectfully refer the Court to said Order for the terms of that engagement.

23. Deny the allegations in paragraph 23 of the First Amended Complaint except admit that on or about May 12, 2009 Soros filed a motion to disqualify plaintiff from acting as counsel in the TradeWinds Veil Piercing Action and respectfully refer the Court to said motion for the terms of the relief sought and the reasons therefor, and that on or about May 12, 2009 United States District Judge Keenan entered an order in the TradeWinds Veil Piercing Action denying Soros's motion to disqualify plaintiff and respectfully refer the Court to said Order for the findings made by Judge Keenan.

24. Deny the allegations in paragraph 24 of the First Amended Complaint except admit that discovery in the North Carolina Action took place, and that an agreement was reached between TradeWinds Airlines and Coreolis concerning the pursuit of separate judgments against C-S Aviation in the North Carolina Action.

25. Deny the allegations in paragraph 25 of the First Amended Complaint except admit that in May of 2010 a damages trial was held in the North Carolina Action, and deny knowledge or information sufficient to form a belief of the truth of the allegations concerning plaintiff's assistance, if any, to Tuggle Duggins in connection with that trial.

26. Deny the allegations in paragraph 26 of the First Amended Complaint except admit that on or about July 26, 2010 the court in the North Carolina Action entered two judgments against C-S Aviation (the "North Carolina Judgments"), that one of the North Carolina Judgments was in favor of TradeWinds Airlines, that the other North Carolina Judgment was in favor of Coreolis and respectfully refer the Court to said North Carolina Judgments for the allocation of damages awarded and the reasons therefor, and that C-S Aviation was out of business at the time the North Carolina Judgments were entered.

27. Deny the allegations in paragraph 27 of the First Amended Complaint except admit that Coreolis filed a veil piercing action against Soros and Chatterjee on October 28, 2010 in the United States District Court for the Southern District of New York (the "Coreolis Veil Piercing Action"), that the Coreolis Veil Piercing Action was assigned to United States District Judge Keenan, that the civil action number for the Coreolis Veil Piercing Action is No. 10-cv-8175, and that Judge Keenan procedurally consolidated the TradeWinds Veil Piercing Action and the Coreolis Veil Piercing Action.

28. Deny the allegations in paragraph 28 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning what the Trustee's counsel, Robert Mayer, purportedly told plaintiff.

29. Deny the allegations in paragraph 29 of the First Amended Complaint except admit that Bruce Ressler and Ellen Werther hosted plaintiff as a guest one weekend at their house on Fire Island.

30. Deny the allegations in paragraph 30 of the First Amended Complaint except admit that counsel for TradeWinds Airlines and Coreolis, on behalf of their respective clients, entered into a Joint Prosecution, Common Interest and Confidentiality Agreement in June of 2013, that said Agreement is part of the record in the instant action and respectfully refer the Court to that Agreement for the terms thereof.

31. Deny the allegations in paragraph 31 of the First Amended Complaint except admit that on or about September 18, 2012 the North Carolina Court of Appeals affirmed the North Carolina Judgments, that on or about June 12, 2013 the North Carolina Supreme Court denied C-S Aviation's petition for discretionary review of the North Carolina Judgments, and that United States District Judge Keenan stayed discovery in the TradeWinds Veil Piercing Action and the Coreolis Veil Piercing Action, with limited exceptions, pending the outcome of the North Carolina appeals.

32. Deny the allegations in paragraph 32 of the First Amended Complaint except admit that on May 21, 2013 Bharat Bhise was deposed in the procedurally consolidated Coreolis Veil Piercing Action and TradeWinds Veil Piercing Action, and respectfully refer the Court to the transcript of that deposition as to the testimony given by Mr. Bhise.

33. Deny the allegations in paragraph 33 of the First Amended Complaint.

34. Deny the allegations in paragraph 34 of the First Amended Complaint except admit that Martin J. Bienenstock was retained as an expert on behalf of TradeWinds Airlines and

Coreolis in the procedurally consolidated TradeWinds Veil Piercing Action and Coreolis Veil Piercing Action.

35. Deny the allegations in paragraph 35 of the First Amended Complaint except admit that, on or about July 10, 2013, United States District Judge Keenan lifted the stay of discovery in the TradeWinds Veil Piercing Action and the Coreolis Veil Piercing Action, that Ressler & Ressler, as counsel for Coreolis, served plaintiff with subpoenas for the deposition transcripts taken in the Jet Star Litigation, that plaintiff supported Coreolis in successfully opposing Soros's motion to quash those subpoenas, that the court denied Soros's motion to quash those subpoenas, and that the court directed Grayson to deliver the Jet Star transcripts to Ressler & Ressler by a date certain.

36. Deny the allegations in paragraph 36 of the First Amended Complaint.

37. Deny the allegations in paragraph 37 of the First Amended Complaint.

38. Deny the allegations in paragraph 38 of the First Amended Complaint.

39. Deny the allegations in paragraph 39 of the First Amended Complaint.

40. Deny the allegations in paragraph 40 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning what counsel for the Trustee, Robert Mayer, purportedly told plaintiff regarding a meeting in New York, and deny knowledge or information sufficient to form a belief as to what plaintiff purportedly told Robert Mayer about said meeting.

41. Deny the allegations in paragraph 41 of the First Amended Complaint except admit that Ressler & Ressler had a meeting with counsel for the Trustee, Robert Mayer, during the afternoon of August 15, 2013, and that, on information and belief, counsel for the Trustee, Robert Mayer, had a meeting with plaintiff during the morning of August 15, 2013.

42. Deny the allegations in paragraph 42 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning what was purportedly said at the alleged meeting held between plaintiff and counsel for the Trustee, Robert Mayer, and deny knowledge or information sufficient to form a belief of the truth of the allegations concerning where the alleged meeting took place.

43. Deny the allegations in paragraph 43 of the First Amended Complaint.

44. Deny the allegations in paragraph 44 of the First Amended Complaint.

45. Deny the allegations in paragraph 45 of the First Amended Complaint.

46. Deny the allegations in paragraph 46 of the First Amended Complaint.

47. Deny the allegations in paragraph 47 of the First Amended Complaint except deny knowledge or information sufficient to form a belief of the truth of the allegations concerning a phone call that counsel for the Trustee, Robert Mayer, purportedly made to plaintiff, and deny knowledge or information sufficient to form a belief of the truth of the allegations concerning what was said during said purported phone call.

48. Deny the allegations in paragraph 48 of the First Amended Complaint except admit that plaintiff proposed that Ressler & Ressler subpoena the Jet Star transcripts from plaintiff, and that plaintiff opposed Soros's efforts to quash those subpoenas.

49. Deny the allegations in paragraph 49 of the First Amended Complaint except admit that plaintiff, on behalf of TradeWinds Airlines, participated in the deposition of Bharat Bhise.

50. Deny the allegations in paragraph 49 of the First Amended Complaint except admit that on or about August 9, 2006 the court in the Jet Star Litigation entered an Opinion and Order denying a motion to dismiss the veil piercing claims asserted therein on summary

judgment, and respectfully refer the Court to that opinion and order as to the findings made therein.

51. Deny the allegations in paragraph 51 of the First Amended Complaint except deny knowledge or information knowledge or information sufficient to form a belief of the truth of the allegations concerning what legal support, if any, plaintiff provided to counsel for TradeWinds Airlines in the North Carolina Action.

52. Deny the allegations in paragraph 52 of the First Amended Complaint.

53. Deny the allegations in paragraph 53 of the First Amended Complaint except admit, on information and belief, that the Trustee notified plaintiff of her termination on or about August 19, 2013.

54. Deny the allegations in paragraph 54 of the First Amended Complaint except admit that on or about August 29, 2013 the Trustee filed an Emergency Motion in the Bankruptcy Court to enforce the Trustee's decision to terminate plaintiff's engagement and compel plaintiff to withdraw as counsel for TradeWinds ("Trustee's Emergency Motion"), that plaintiff opposed the Trustee's Emergency Motion, that a hearing on the Trustee's Emergency Motion was held in the Bankruptcy Court on or about September 4, 2013 and respectfully refer the Court to the transcript of that hearing, and that plaintiff filed an application in the United States District Court for the Southern District of New York, seeking leave to withdraw as counsel in the TradeWinds Veil Piercing Action.

55. Deny the allegations of paragraph 55 of the First Amended Complaint except admit that a hearing on plaintiff's application to withdraw as counsel in the TradeWinds Veil Piercing Action was held before United States Magistrate Judge Peck on or about September 4, 2013, and respectfully refer the Court to the transcript of that hearing.

56. Deny the allegations of paragraph 56 of the First Amended Complaint except admit that a hearing on plaintiff's application to withdraw as counsel in the TradeWinds Veil Piercing Action was held before United States Magistrate Judge Peck on or about September 4, 2013, and respectfully refer the Court to the transcript of that hearing.

57. Deny the allegations of paragraph 57 of the First Amended Complaint except admit that a hearing on plaintiff's application to withdraw as counsel in the TradeWinds Veil Piercing Action was held before United States Magistrate Judge Peck on or about September 4, 2013 and respectfully refer the Court to the transcript of that hearing.

58. Deny the allegations of paragraph 58 of the First Amended Complaint except admit that a hearing on the Trustee's Emergency Motion was held in the Bankruptcy Court on or about September 4, 2013 and respectfully refer the Court to the transcript of that hearing.

59. Deny the allegations in paragraph 59 of the First Amended Complaint except admit that on or about September 10, 2013 the Trustee filed an application in the Bankruptcy Court to approve the Trustee's retention of Susman Godfrey L.L.P. and Tuggle Duggins as special litigation counsel, that a hearing was held in the Bankruptcy Court to consider the Trustee's retention of Susman Godfrey L.L.P. and Tuggle Duggins as special litigation counsel on or about September 18, 2013 and respectfully refer the Court to the transcript of that hearing, and that by Order entered on or about September 20, 2013 the Bankruptcy Court approved the Trustee's retention of Susman Godfrey L.L.P. and Tuggle Duggins as special litigation counsel.

60. Deny allegations in paragraph 60 of the First Amended Complaint.

61. Deny allegations in paragraph 61 of the First Amended Complaint.

62. Deny allegations in paragraph 62 of the First Amended Complaint except admit that on or about August 9, 2006 the court in the Jet Star Litigation entered an Opinion and Order

denying a motion to dismiss the veil piercing claims asserted therein on summary judgment and respectfully refer the Court to that Opinion and Order as to the findings made therein.

63. Deny the allegations in paragraph 63 of the First Amended Complaint except admit that Soros and Chatterjee moved to strike portions of the expert testimony of Martin J. Bienenstock in the TradeWinds Veil Piercing Action and the Coreolis Veil Piercing Action, that United States District Judge Keenan denied that motion to strike for the reasons stated in his Opinion and Order of March 31, 2015, and respectfully refer the Court to said Opinion and Order.

64. Deny allegations in paragraph 64 of the First Amended Complaint except admit that United States District Judge Keenan granted summary judgment dismissing the veil piercing claims in the Tradewinds Veil Piercing Action and the Coreolis Veil Piercing Action, and respectfully refer the Court to Judge Keenan's Opinion and Order of March 31, 2015.

65. Deny the allegations in paragraph 65 of the First Amended Complaint except admit that United States District Judge Keenan granted summary judgment dismissing the veil piercing claims in the Tradewinds Veil Piercing Action and the Coreolis Veil Piercing Action and respectfully refer the Court to Judge Keenan's Opinion and Order of March 31, 2015, and that by Order dated March 10, 2016 the United States Court of Appeals for the Second Circuit affirmed Judge Keenan's Opinion and Order of March 31, 2015.

66. Deny the allegations in paragraph 66 of the First Amended Complaint except admit, on information and belief, that plaintiff sent the United States Court of Appeals Order of March 10, 2016 to the Bankruptcy Court.

67. Deny the allegations in paragraph 67 of the First Amended Complaint except admit that on or about February 10, 2016 plaintiff filed a fee application with the Bankruptcy

Court for legal services rendered as special litigation counsel for the Trustee prior to her termination, that on or about February 17, 2016 the Trustee filed an objection to plaintiff's fee application and moved to abate consideration of plaintiff's fee application, and that a hearing was held in the Bankruptcy Court on March 16, 2016 on plaintiff's fee application and the Trustee's motion to abate and respectfully refer the Court to the transcript of that hearing.

68. Deny the allegations in paragraph 68 of the First Amended Complaint except deny knowledge or information knowledge or information sufficient to form a belief of the truth of the allegations concerning a purported conversation between plaintiff and Trustee's counsel, Lynn Gollin.

69. Deny the allegations in paragraph 69 of the First Amended Complaint except admit, on information and belief, that a settlement conference among the Trustee, the Trustee's professionals and plaintiff was held on or about May 10, 2016, and admit that Ressler & Ressler did not participate in any such settlement conference.

70. Deny the allegations in paragraph 70 of the First Amended Complaint except deny knowledge or information knowledge or information sufficient to form a belief of the truth of the allegations concerning what was said at the settlement conference.

71. Deny the allegations in paragraph 71 of the First Amended Complaint, except admit that on or about May 11, 2016 the Trustee filed a motion in the Bankruptcy Court seeking approval of a settlement agreement between the Trustee and plaintiff, that on or about May 24, 2016 the Bankruptcy Court entered an Order granting the Trustee's motion and approved the settlement agreement, subject to the terms and conditions specified in said Order, that on or about June 21, 2016 plaintiff filed an amended fee application with the Bankruptcy Court for

compensation for legal services, and that the Bankruptcy Court scheduled a hearing on plaintiff's amended fee application for July 27, 2016.

72. Deny the allegations in paragraph 72 of the First Amended Complaint except admit that on or about May 26, 2016 TradeWinds Airlines and Coreolis filed an action against Soros Fund Management, LLC and C-S Aviation seeking to enforce the North Carolina Judgments, and that said action was filed in the General Court of Justice Superior Court Division, Guilford County, North Carolina (the "SFM Action").

73. Deny the allegations in paragraph 73 of the First Amended Complaint.

74. Deny the allegations in paragraph 74 of the First Amended Complaint except admit, on information and belief, that on or about June 26, 2017 the Trustee filed a motion in the Bankruptcy Court seeking to retain special litigation counsel in the SFM Action, that on or about June 28, 2017 the Trustee filed an amended motion in the Bankruptcy Court seeking to retain special litigation counsel in the SFM Action and respectfully refer the Court to said motions as to the representations made by the Trustee therein.

75. Deny the allegations in paragraph 75 of the First Amended Complaint except admit that on or about July 20, 2016 United States District Judge Keenan entered a Memorandum Opinion & Order and a Modified Protective order in the Coreolis Veil Piercing Action concerning the retention and use of discovery materials and respectfully refer the Court to said Memorandum Opinion & Order and Modified Protective Order as to the relief granted and the reasons therefor.

76. Deny the allegations in paragraph 76 of the First Amended Complaint except admit that on or about July 22, 2016 Coreolis filed an objection to plaintiff's Amended First

Interim Application for Allowance and Payment of Compensation with the Bankruptcy Court and respectfully refer the Court to that objection as to the grounds asserted therein.

77. Deny the allegations in paragraph 77 of the First Amended Complaint except admit that on or about July 22, 2016, Coreolis filed an objection to plaintiff's Amended First Interim Application for Allowance and Payment of Compensation with the Bankruptcy Court and respectfully refer the Court to that objection as the grounds asserted therein.

78. Deny the allegations in paragraph 78 of the First Amended Complaint.

79. Deny the allegations in paragraph 79 of the First Amended Complaint except admit that a hearing was held in the Bankruptcy Court on or about July 27, 2016 to consider, *inter alia*, plaintiff's Amended First Interim Application for Allowance and Payment of Compensation, that the Bankruptcy Court did not reach of the merits of plaintiff's Amended First Interim Application for Allowance and Payment of Compensation and the objections thereto at that hearing and respectfully refer the Court to the transcript of that hearing.

80. Deny the allegations in paragraph 80 of the First Amended Complaint except admit that, as of the date hereof, the Bankruptcy Court has yet to schedule a hearing on the merits of plaintiff's Amended First Interim Application for Allowance and Payment of Compensation and the objections thereto.

81. Deny the allegations in paragraph 81 of the First Amended Complaint except admit that by Order dated March 31, 2017 the United States District Court for the Middle District of North Carolina remanded the SFM Action to the General Court of Justice Superior Court Division, Guilford County, North Carolina.

82. Repeat and reallege paragraphs 1 through 81 hereof as though fully set forth herein in response to paragraph 82 of the First Amended Complaint.

83. Deny the allegations in paragraph 83 of the First Amended Complaint.

84. Deny the allegations in paragraph 84 of the First Amended Complaint.

85. Deny the allegations in paragraph 85 of the First Amended Complaint.

86. Deny the allegations in paragraph 84 of the First Amended Complaint.

87. Repeat and reallege paragraphs 1 through 86 hereof as though fully set forth herein in response to paragraph 87 of the First Amended Complaint.

88. Deny the allegations in paragraph 88 of the First Amended Complaint.

89. Deny the allegations in paragraph 89 of the First Amended Complaint.

90. Deny the allegations in paragraph 90 of the First Amended Complaint.

91. Repeat and reallege paragraphs 1 through 90 hereof as though fully set forth herein in response to paragraph 91 of the First Amended Complaint.

92. Deny the allegations in paragraph 92 of the First Amended Complaint except admit that the Bankruptcy Court entered an Order on or about January 7, 2009 authorizing the Trustee to retain plaintiff as special litigation counsel.

93. Deny the allegations in paragraph 93 of the First Amended Complaint.

94. Deny the allegations in paragraph 94 of the First Amended Complaint.

95. Deny the allegations in paragraph 95 of the First Amended Complaint.

96. Deny the allegations in paragraph 96 of the First Amended Complaint.

97. Repeat and reallege paragraphs 1 through 96 hereof as though fully set forth herein in response to paragraph 97 of the First Amended Complaint.

98. Deny the allegations in paragraph 98 of the First Amended Complaint.

99. Deny the allegations in paragraph 99 of the First Amended Complaint.

100. Repeat and reallege paragraphs 1 through 99 hereof as thought fully set forth herein in response to paragraph 100 of the First Amended Complaint.

101. Deny the allegations in paragraph 101 of the First Amended Complaint.

102. Deny the allegations in paragraph 102 of the First Amended Complaint.

103. Deny the allegations in paragraph 103 of the First Amended Complaint.

104. Deny the allegations in paragraph 104 of the First Amended Complaint.

105. Repeat and reallege paragraphs 1 through 104 hereof as though fully set forth herein in response to paragraph 105 of the First Amended Complaint.

106. The allegations contained in paragraph 106 of the First Amended Complaint are either argument or legal conclusions as to which no response is required. In the event a response is required, Defendants deny the allegations contained in paragraph 106 of the First Amended Complaint.

107. Deny the allegations in paragraph 107 of the First Amended Complaint.

108. Deny the allegations in paragraph 108 of the First Amended Complaint.

109. Repeat and reallege paragraphs 1 through 108 hereof as though fully set forth herein in response to paragraph 109 of the First Amended Complaint.

110. The allegations contained in paragraph 110 of the First Amended Complaint are either argument or legal conclusions as to which no response is required. In the event a response is required, Defendants deny the allegations contained in paragraph 110 of the First Amended Complaint.

111. Deny the allegations in paragraph 111 of the First Amended Complaint.

112. Deny the allegations in paragraph 112 of the First Amended Complaint.

113. Deny the allegations in paragraph 113 of the First Amended Complaint.

114. Repeat and reallege paragraphs 1 through 113 hereof as though fully set forth herein in response to paragraph 114 of the First Amended Complaint.

115. Deny the allegations in paragraph 115 of the First Amended Complaint.

116. Deny the allegations in paragraph 116 of the First Amended Complaint.

117. Deny the allegations in paragraph 117 of the First Amended Complaint.

118. Repeat and reallege paragraphs 1 through 117 hereof as thought fully set forth herein in response to paragraph 118 of the First Amended Complaint.

119. Deny the allegations in paragraph 119 of the First Amended Complaint.

120. Deny the allegations in paragraph 120 of the First Amended Complaint.

121. Repeat and reallege paragraphs 1 through 120 hereof as though fully set forth herein in response to paragraph 121 of the First Amended Complaint.

122. Deny the allegations in paragraph 122 of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to add an indispensible party as a defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of election of remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

WHEREFORE, Defendants demand judgment dismissing the First Amended Complaint, awarding to them the costs and expenses of this action, including, without limitation, attorney's fees, and for such other and further relief as the Court may deem just and proper.

Dated: New York, NY
October 24, 2017

RESSLER & RESSLER

By: [signature]

Bruce J. Ressler
Ellen R. Werther
48 Wall Street
New York, NY 10005
212-695-6446
*For Defendants Ressler & Ressler, Ellen Werther and Bruce J. Ressler*