UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIOLET ELIZABETH GRAYSON,<br><br>Plaintiff,<br><br>-against-<br><br>RESSLER & RESSLER, ELLEN WERTHER, And BRUCE RESSLER,<br><br>Defendants. | : | Case No. 1:15-cv-08740-ER<br><br>**PLAINTIFF'S STATEMENT OF MATERIAL DISPUTED FACTS PER LOCAL RULE 56.1** |

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiff hereby submits her Counterstatement of Material Disputed Facts.

Contention 1. The Defendant Ressler & Ressler is a law firm located in New York, NY. Response: Not Disputed.

Contention 2. Defendants Bruce Ressler and Ellen Werther are members of Ressler & Ressler. Response: Not Disputed.

Contention 3. The Plaintiff, Violet Elizabeth Grayson ("Grayson"), is an individual licensed attorney. Response: Not Disputed.

Contention 4: Grayson filed the First Amended Complaint in the instant action on April 21, 2017. Response: Not disputed.

Contention 5. The First Amended Complaint alleged ten causes of action: defamation (Count I), injurious falsehood (Count II), tortious interference with contract (Count 111), tortious interference with prospective business advantage (Count' IV), breach of contract (Count V), quantum meruit (Count VI), unjust enrichment (Count VII), conversion (Count VIII), trespass to chattel (Count IX), and prima facie tort (Count X). Response:

Not Disputed.

Contention 6. Defendants filed a Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and a motion for sanctions pursuant to Fed. R. Civ. P. 11 on June 1, 2017. Response: Not Disputed.

Contention 7. By Opinion and Order of September 19, 2017 ("Opinion and Order"), the Court: dismissed Count III through Count IX of the First Amended Complaint, with prejudice; dismissed Count II and Count X, with leave to amend; and allowed the defamation claim set forth in Count I to proceed with respect to three alleged defamatory statements identified by the Court that were allegedly made at a meeting held on August 15, 2013 (the "August 15, 2013 Meeting"). Response: Not Disputed.

Contention 8. In the Opinion and Order, the Court found that consideration of Defendants' Rule 11 motion was premature at that juncture. Response: Not Disputed.

Contention 9. In the Opinion and Order, the Court directed that, if Grayson chooses to file a Second Amended Complaint, she must do so by October 10, 2017. Response: Not Disputed.

Contention 10. By Letter Motion, dated October 4, 2017 ("Letter Motion"), Grayson requested the Court to modify the language of the Opinion and Order; advised the Court of her decision not to amend Count II and Count X of the First Amended Complaint by the date fixed by the Court; and requested the Court to reconsider its dismissal of Count III and Count IV of the First Amended Complaint. Response: Not Disputed.

Contention 11. By Memo Endorsed Order, dated October 4, 2017 ("Memo Endorsed Order"), the Court denied Grayson's request to reconsider the Opinion and Order; denied Grayson's request to modify the language of the Opinion and Order. Response: Not Disputed.

Contention 12. Defendants filed an Answer to the First Amended Complaint on October 24, 2017. Response: Not Disputed.

Contention 13. Ressler & Ressler represented Coreolis Holdings, Inc. and its wholly-owned subsidiary, Trade Winds Holdings, Inc. (together, "Coreolis") in a veil piercing action brought by Coreolis against George Soros ("Soros") and Purnendu Chatterjee ("Chatterjee") in the United States District Court for the Southern District of New York, Coreolis Holdings, Inc. v. Soros, No. 10-cv-8175 (JFK)(S.D.N.Y.) (the "Coreolis Veil Piercing Action"). Response: Not Disputed.

Contention 14. For a period of time, Grayson represented the Trustee for Trade Winds Airlines, Inc.("Trade Winds Airlines") in a veil piercing action brought by Trade Winds Airlines against Soros and Chatterjee in the United States District Court for the Southern District of New York, TradeWinds Airlines, Inc. v. Soros, No. 08-cv-5901 (S.D.N.Y.) (the "TradeWinds Veil Piercing Action"). Response: Not Disputed.

Contention 15. The TradeWinds Veil Piercing Action and the Coreolis Veil Piercing Action were procedurally consolidated by United States District Judge Keenan. Response: Not Disputed.

Contention 16. Trade Winds Airlines filed a First Amended Complaint, dated September 28, 2008, in the Trade Winds Veil Piercing Action on October 3, 2008. Response: Not Disputed.

Contention 17. Trade Winds Airlines filed a Second Amended Complaint in the Trade Winds Veil Piercing Action on March 10, 2011. Response: Not Disputed.

Contention 18. TradeWinds Airlines filed a Third Amended Complaint in the TradeWinds Veil Piercing Action on August 8, 2013. Response: Not Disputed.

Contention 19. Soros filed an Answer, dated January 8, 2009, to the TradeWinds First Amended Complaint on January 8, 2009. Response: Not Disputed.

Contention 20. Soros filed an Answer, dated April 3, 2012, to the TradeWinds Second Amended Complaint on April 3, 2012. Response: Not Disputed.

Contention 21. Soros filed an Answer, dated August 22, 2013, to the TradeWinds Third Amended Complaint on August 22, 2013. Response: Not Disputed.

Contention 22. Chatterjee filed an Answer, dated January 8, 2009, to the TradeWinds First Amended Complaint on January 8, 2009. Response: Not Disputed.

Contention 23. Chatterjee filed an Answer, dated April 3, 3012, to the TradeWinds Second Amended Complaint on April 4, 2012. Response: Not Disputed.

Contention 24. Chatterjee filed an Answer, dated August 22, 2013, to the TradeWinds Third Amended Complaint on August 22, 2013. Response: Not Disputed.

Contention 25. In each of the Answers filed by Soros in the TradeWinds Veil Piercing Action, Soros asserted the following affirmative defense to TradeWinds Airlines' veil piercing claim, which affirmative defense was pending at the time of the August 15, 2013 Meeting: Plaintiffs [Trade Winds Airlines] claim is barred because it is based on information provided to plaintiff [Trade Winds Airlines] by its counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiffs counsel [Grayson] in connection with the Jet Star Litigation. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense.

Contention 26. In each of the Answers filed by Chatterjee in the Trade Winds Veil PiercingAction, Chatterjee asserted the following affirmative defense to TradeWinds Airlines' veil piercing claim, which affirmative defense was pending at the time of the August 15, 2013 Meeting: Plaintiffs [Trade Winds Airlines] claim is barred because it is

is based on information provided to plaintiff [Trade Winds Airlines] by its counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiffs counsel [Grayson] in connection with the Jet Star Litigation. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense.

Contention 27. Coreolis filed a Complaint, dated October 28, 2010, in the Coreolis Veil Piercing Action on October 28, 2010. Response: Not Disputed.

Contention 28. Coreolis filed a First Amended Complaint, dated August 8, 2013, in the Coreolis Veil Piercing Action on August 8, 2013. Response: Not Disputed.

Contention 29. Soros filed an Answer, dated April 3, 2012, to the Coreolis Complaint in the Coreolis Veil Piercing Action on April 3, 2012. Response: Not Disputed.

Contention 30. Soros filed an Amended Answer, dated April 3, 2012, to the Coreolis Complaint in the Coreolis Veil Piercing Action on April 3, 2012. Response: Not Disputed.

Contention 31. Soros filed an Answer, dated August 22, 2013, to the Coreolis First Amended Complaint in the Coreolis Veil Piercing Action August 22, 2013. Response: Not Disputed.

Contention 32. Chatterjee filed an Answer, dated April 3, 2012, to the Coreolis Complaint in the Coreolis Veil Piercing Action on April 5, 2012. Response: Not Disputed.

Contention 33. Chatterjee filed an Answer, dated August 22, 2013, to the Coreolis First Amended Complaint in Coreolis Veil Piercing Action on August 22, 2013. Response: Not Disputed.

Contention 34. In each of the Answers filed by Soros in the Coreolis Veil Piercing Action, Soros asserted the following affirmative defense to Coreolis' veil piercing claims, which affirmative defense was pending at the time of the August 15, 2013 Meeting: Plaintiffs [Coreolis'] claim is barred because it is based on information provided to plaintiff [Coreolis] by TradeWinds counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds' counsel [Grayson] in connection with the Jet Star Litigation. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense.

Contention 35. In each of the Answers filed by Chatterjee in the Coreolis Veil Piercing Action, Chatterjee asserted the following affirmative defense to Coreolis' veil piercing claims, which affirmative defense was pending at the time of the August 15, 2013 Meeting: Plaintiffs [Coreolis'] claim is barred because it is based on information provided to plaintiff [Coreolis] by TradeWinds counsel [Grayson] in violation of a

confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds' counsel [Grayson] in connection with the Jet Star Litigation. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense.

Contention 36. Soros filed a motion in the TradeWinds Veil Piercing Action, dated February 2, 2009, seeking to disqualify Grayson as TradeWinds Airlines' counsel based on, inter alia, her alleged breach of the confidentiality order and settlement agreement entered in the Jet Star Litigation. Response: Not Disputed.

Contention 37. On May 12, 2009, United States District Judge Keenan entered an Opinion & Order in the TradeWinds Veil Piercing Case ("Keenan 5/12/09 Opinion & Order"), in which Judge Keenan found, inter alia, that Grayson had plainly violated her confidentiality obligations under a Settlement and Confidentiality Agreement ("Jet Star Settlement Agreement") entered into by Grayson in an action brought by Jet Star Enterprises against Soros and Chatterjee in the United States District Court for the Southern District of New York (the "Jet Star Litigation"). Response: Disputed. This is not a fair summary of Judge Keenan's opinion nor a fair summary of what actually transpired. See Keenan 5/12/09 Opinion and Order; Grayson Dec. paras. 16, 21-24, 50, 76; Memorandum of Law pp. 20 et seq.

Contention 38. In the Memo Endorsed Order of October 4, 2017, this Court found that Judge Keenan's findings in his Opinion & Order May 12, 2009, "may be fairly characterized as that Grayson was conflicted in her representation of Trade Winds Airlines, Inc." Response: Disputed. This is an incomplete quotation from this Court's Memo Endorsed Order of October 4, 2017, which also stated: "the Court does not comment on the truth of the assertion at this stage of the litigation." Moreover, Plaintiff respectfully disagrees with this Court's statement as to how Judge Keenan's opinion "may be fairly characterized," insofar as Judge Keenan's opinion nowhere states that Grayson was conflicted in her representation. Had Grayson been conflicted, the proceedings would have been tainted, and disqualification would have been required. See Keenan 5/12/09 Opinion and Order; Grayson Dec. paras. 16, 21-24, 50, 76; Memorandum of Law pp. 20 et seq.

Contention 39. In the Opinion & Order of May 12, 2009, Judge Keenan also found that, under the Jet Star Settlement Agreement, Grayson would be personally liable to Soros for any future breach of her confidentiality obligations under the Jet Star Settlement Agreement and required to disgorge any settlement funds she received. Response: Disputed. Judge Keenan's order did not find the above. Rather, Judge Keenan merely observed that "the remedy specified in the Settlement Agreement is disgorgement of the settlement funds she received, not disqualification." See Keenan Opinion & Order of 5/12/09 at 25.

Contention 40. In the Opinion & Order of May 12, 2009, Judge Keenan denied Soros' motion to disqualify Grayson for the reasons stated therein. Response: Not Disputed.

Contention 41. By Memorandum Opinion and Order dated May 20, 2009, Judge Keenan directed that certain documents that had been previously filed under seal in connection with Soros' motion to disqualify Grayson be unsealed. Response: Not Disputed.

Contention 42. Among the documents unsealed pursuant to Judge Keenan's May 20, 2009 Order was Grayson's sworn declaration, dated March 5, 2009, in which Grayson stated that, at no time prior to or after her engagement as special litigation counsel for Trade Winds Airlines, did she disclose her obligations under the Jet Star Settlement Agreement to TradeWinds Airlines or the Trustee ("Grayson Declaration"). Disputed: The declaration in question states that Grayson did not disclose "the terms of the Jet Star settlement," meaning the dollar amount. As for what Grayson disclosed to the Trustee, consistent with her legal obligations, see Grayson Dec. paras. 16 and 20.

Contention 43. In every Answer filed by Soros in the Tradewinds Veil Piercing Action after entry of the Judge Keenan's 5/12/09 Opinion & Order, Soros asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to TradeWinds Airlines' claims. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Soros's Answers for their content.

Contention 44. In every Answer filed by Chatterjee in the Tradewinds Veil Piercing Action after entry of Judge Keenan's 5/12/09 Opinion & Order, Chatterjee asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to Trade Winds Airlines' claims. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Chatterjee's Answers for their content.

Contention 45. In every Answer filed by Soros in the Coreolis Veil Action after entry Judge Keenan's 5/12/09 Opinion & Order, Soros asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to Coreolis' claims. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Soros's Answers for their content.

Contention 46. In every Answer filed by Chatterjee in the Coreolis Veil Action after entry of Judge Keenan's 5/12/09 Opinion & Order, Chatterjee asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to Coreolis' claims. Response: Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Chatterjee's answers for their content.

Contention 47. Coreolis and Trade Winds Airlines, through their respective attorneys, entered into a Joint Prosecution, Common Interest and Confidentiality Agreement to pursue their separate but common interests in responding to the various legal issues raised or which may be raised during the prosecution of the consolidated Coreolis Veil Piercing Action and Trade Winds Veil Piercing Action. Response: Partially disputed.

Plaintiff does not dispute that the Agreement was signed, but notes that, at the time of signing, Werther observed that it was of no legal effect. (Grayson Dec. para. 30) This is true as a matter of law. (Memorandum of Law at 16)

Contention 48. Coreolis and TradeWinds Airlines had a common interest in preserving their respective veil piercing claims against the pending affirmative defenses asserted by Soros and Chatterjee, including the affirmative defenses that were expressly based on Grayson's alleged breach of her obligations under the Jet Star Settlement Agreement. Response: Disputed. This affirmative defense was never a live issue in the case, being, *inter alia,* foreclosed by Judge Keenan's May 12, 2009 opinion, and not pursued in summary judgment briefing. See Keenan 5/12/09 Opinion and Order; Grayson Dec. paras. 16, 21-24, 50, 76; Memorandum of Law pp. 20 et seq.

Contention 49. The August 15, 2013 Meeting was held at the offices of Ressler & Ressler among Bruce Ressler and Ellen Werther, as counsel for Coreolis, and Robert Mayer, as counsel for the Trustee for Trade Winds Airlines. Response: Not Disputed.

Contention 50. Grayson did not attend the August 15, 2013 Meeting. Response: Not Disputed.

Contention 51. The August 15, 2013 Meeting was attended by Robert Mayer, Bruce Ressler and Ellen Werther, and no one else. Response: Plaintiff presently has no information to the contrary.

Contention 52. The discussions among Robert Mayer, Bruce Ressler and Ellen Werther at the August 15, 2015 Meeting were undertaken pursuant to the confidentiality provisions of the Joint Prosecution, Common Interest and Confidentiality Agreement. Response: Disputed. Robert Mayer was not a signatory to that Agreement, which was not, in any event, designed to shield conversations from Grayson who was at that time counsel of record for TradeWinds Airlines in the veil piercing case. Moreover, the Agreement was legally nugatory. Plaintiff further observes that Mayer actually reported on the meeting to Grayson, thereby waiving any possible privilege. See Grayson Dec. paras. 30, 47; Memorandum of Law at 16.

Contention 53. In their sworn declarations, Robert Mayer, Ellen Werther and Bruce Ressler, affirm that, at no time during the August 15, 2013 Meeting did Ellen Werther or Bruce Ressler state, in sum or substance, that "Grayson was violating rules of professional ethics and conduct by representing a client, Trade Winds Airlines, with whom she had a conflict of interest," or that "Grayson was violating rules of professional ethics and conduct by representing a client, Trade Winds Airlines, with whom she had a conflict of interest." Response: Partially disputed. Plaintiff does not dispute that Mayer, Werther, and Ressler make such statements in their declarations. She does dispute the truth of these statements, as they are contradicted by Robert Mayer's contemporaneous account of the meeting and by surrounding circumstances. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

Contention 54. In their sworn declarations, Robert Mayer, Ellen Werther and Bruce Ressler affirm that, at no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance, that "because of this conflict of interest, Grayson could not handle documents or taking a leading role at depositions, and therefore could not effectively serve her client," or that "Grayson could not take a leading role in depositions, or handle documents at depositions, because of a conflict of interest." Response: Partially disputed. Plaintiff does not dispute that Mayer, Werther, and Ressler make such statements in their declarations. She does dispute the truth of these statements, as they are contradicted by Robert Mayer's contemporaneous account of the meeting and by surrounding circumstances. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

Contention 55. In their sworn declarations, Robert Mayer, Ellen Werther and Bruce Ressler affirm that, at no time during the August 15, 2013 Meeting did Ellen Werther or Bruce Ressler state, in sum or substance, that "Grayson did not do her fair share of work on the veil piercing cases and, in this way neglected her client," or that "Grayson had, unprofessionally, failed and neglected to shoulder her responsibilities by doing her fair share of the work in the coordinated veil piercing cases, and instead left the Ressler firm to do the lion's share of the work." Response: Partially disputed. Plaintiff does not dispute that Mayer, Werther, and Ressler make such statements in their declarations. She does dispute the truth of these statements, as they are contradicted by Robert Mayer's contemporaneous account of the meeting and by surrounding circumstances. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

Contention 56. Robert Mayer, Ellen Werther and Bruce Ressler are the only witnesses to the August 15, 2013 Meeting, with personal knowledge of what was said at that meeting. Response: Disputed. Plaintiff does not know whether anyone else attended the meeting, whether it was recorded, and what further evidence concerning the meeting exists. Discovery is required.

Contention 57. At no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance that "Grayson was violating rules of professional ethics and conduct by representing a client, Trade Winds Airlines, with whom she had a conflict of interest," or that "Grayson was violating rules of professional ethics and conduct by representing a client, Trade Winds Airlines, with whom she had a conflict of interest." Disputed: See Grayson Dec. paras. 41-51, 94-99, and future discovery requested. Moreover, insofar as Werther and Ressler have made these allegations over and over again in this Court and in the Florida Bankruptcy Court (*c.f.* Grayson Dec. Exh. G), it is extremely difficult to believe that they did not also make these allegations in their August 15, 2013 meeting with Robert Mayer.

Contention 58. At no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance that "because of this conflict of interest, Grayson could not handle documents or taking a leading role at depositions, and therefore could

not effectively serve her client," or that "Grayson could not take a leading role in depositions, or handle documents at depositions, because of a conflict of interest." Response: Disputed. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested. As noted immediately above, Werther and Ressler have repeatedly accused Grayson of a conflict of interest in an effort to harm her, even where, as to her Bankruptcy Court compensation, they have no legitimate interest in the subject. (See Grayson Dec. paras 77 and 78; Exh. G.)

Contention 59. At no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance that "Grayson did not do her fair share of work on the veil piercing cases and, in this way neglected her client," or that "Grayson had, unprofessionally, failed and neglected to shoulder her responsibilities by doing her fair share of the work in the coordinated veil piercing cases, and instead left the Ressler firm to do the lion's share of the work." Response: Disputed. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

Contention 60. TradeWinds Airlines is a chapter 7 debtor in a bankruptcy case filed in United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), In re Tradewinds Airlines, Inc., No. 08-20394-BKC-AJC (S.D. Fla.) ("TradeWinds Bankruptcy Case"). Response: Not disputed.

Contention 61. Coreolis is a creditor of the Trade Winds Airlines bankruptcy estate and a party in interest in the Trade Winds Airlines Bankruptcy Case. Response: Disputed. See Grayson Dec. para. 77.

Contention 62. Coreolis has filed a proof of claim in the Trade Winds Bankruptcy Case asserting an unsecured claim against the Trade Winds Airlines' estate of approximately $8 million on account of a tax dispute between Coreolis and Trade Winds Airlines. Response: Partially disputed. Plaintiff admits that Coreolis has filed the claim, but Werther had admitted that it is bogus. Trustee’s Counsel Lynn Gollin has alleged that Coreolis actually owes the Bankruptcy Estate money. See Grayson Dec. para. 77.

Contention 63. Coreolis filed an Objection in the Bankruptcy Court, dated November 26, 2008 (the November 2008 Objection"), to the Trustee's Application to the Bankruptcy Court for approval to retain Grayson as special litigation counsel pursuant to 11 U.S.C. §327(e) and approval of special litigation counsel's contingency fee arrangement pursuant to 11 U.S.C. §328. Response: Not Disputed.

Contention 64. Coreolis filed a Supplemental Objection in the Bankruptcy Court, dated December15, 2008 (the "December 2008 Supplemental Objection"), to the Trustee's Application to the Bankruptcy Court for approval to retain Grayson as special litigation counsel pursuant to 11 U.S.C. §327(e) and approval of special litigation counsel's contingency fee arrangement pursuant to 11 U.S.C. §328. Response: Not Disputed.

Contention 65. Coreolis alleged in the November 2008 Objection and in the December 2008 Supplemental Objection that Grayson had an undisclosed adverse interest to the

Trade Winds Airlines estate in derogation of 11 U.S.C. §327. Response: Not disputed as to Coreolis having made this baseless allegation.

Contention 66. As an exhibit to the November 2008 Objection, Coreolis submitted a letter from Grayson to United States District Judge Baer, dated October 1, 2008, in which Grayson responds to Soros' contention that she should be held in contempt. Response: Not Disputed. Grayson further notes that Coreolis submitted no evidence that Grayson was ever held in contempt, nor evidence of any proceedings before Judge Baer re same.

Contention 67. In the December 2008 Supplemental Objection, Coreolis alleged that Grayson held an adverse interest to the Trade Winds Airlines estate. Response: Plaintiff does not dispute that Coreolis made this baseless allegation.

Contention 68. On January 7, 2009, the Bankruptcy Court authorized the Trustee for TradeWinds Airlines to retain Grayson as special litigation counsel to prosecute the Trade Winds Veil Piercing Action, noting on the record that no final determination as to Grayson's disinterestedness would be made until the end of the case. Response: Disputed. Plaintiff refers this Court to Defendant's Dec. Ex. 43 for Judge Cristol's exact words.

Contention 69. On January 10, 2014, Coreolis filed an Objection in the Bankruptcy Court opposing Grayson's Motion for Discovery and an Evidentiary Hearing on the Question of Whether She Was Terminated as Special Litigation Counsel Without Cause (the "Grayson Discovery Motion"), in which Coreolis advised the Bankruptcy Court that Soros and Chatterjee had asserted affirmative defenses attacking the Trade Winds veil piercing claim based on Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement (the "January 2014 Objection"). Response: Partially disputed. Plaintiff admits that Coreolis filed an objection of the character described, but notes that Judge Cristol overruled the objection and ordered the discovery. (See Defendants' Dec. Exh. 38)

Contention 70. As part of the 2014 Objection, Coreolis asserted that Grayson had an undisclosed, potential adverse interest to the Trade Winds bankruptcy estate arising from her prior involvement in the Jet Star Litigation, and her alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement. Response: Plaintiff does not dispute that Coreolis made this baseless objection and that Judge Cristol overruled it. (See Defendants' Dec. Exh. 38)

Contention 71. By Order of January 28, 2014, the Bankruptcy Court deferred consideration of Grayson's potential adverse interest to the TradeWinds Airlines estate arising from her prior representation in the Jet Star Litigation and her obligations under the Jet Star Settlement Agreement. Response: Disputed. This is not a fair characterization of the January 28, 2015 order (Defendants' Dec. Ex. 38) which, *inter alia,* afforded Grayson document discovery.

Contention 72. On July 22, 2016, Coreolis filed an Objection in the Bankruptcy Court to Grayson's Amended First Interim Application for Allowance and Payment of

Compensation ("Grayson's Fee Application") (the "2016 Objection"). Response: Plaintiff does not dispute that Coreolis maliciously filed a baseless objection, which had been waived by Coreolis' failure to object to Grayson's partial settlement with the Bankruptcy Trustee. See Grayson Dec. paras. 75-80 and Exh. G.

Contention 73. In the 2016 Objection, Coreolis asserted that Grayson had an undisclosed, potential adverse interest to the Trade Winds bankruptcy estate. Response: Plaintiff does not dispute that Coreolis has repeatedly made this baseless assertion.

Contention 74. Coreolis's 2016 Objection is pending in the Bankruptcy Court, and no determination of the issues raised therein, including issues regarding Grayson's adverse interest, has been rendered. Response: Partially disputed. Although the issue remains pending, Coreolis's objection was waived by its failure to object to Grayson's partial settlement with the Bankruptcy Trustee, and it appears rather unlikely that the Bankruptcy Court will look with favor upon this objection. See Grayson Dec. para. 80 and Exh. G.

Contention 75. On July 25, 2016, the Trustee for TradeWinds Airlines filed an Objection to Grayson's Fee Application (the "Trustee's 2016 Objection"), based on, inter alia, the nature and value of Grayson's services, and the adequacy of Grayson's time records. Response: Plaintiff does not dispute that the Trustee made such an objection, but disputes its merit. Plaintiff further notes that the Trustee does not contend that the application should be denied in its entirety.

Contention 76. The Trustee's 2016 Objection is pending in the Bankruptcy Court, and no determination of the issues raised therein, including issues regarding the nature and value of Grayson's services, and the sufficiency of her time records, has been rendered. Response: Not Disputed.

Contention 77. In December 2015, the Bankruptcy Court held that Grayson violated the automatic stay under the Barton Doctrine by naming the Trustee and his professionals as defendants in the instant action without prior Bankruptcy Court approval. Response: Not Disputed.

Contention 78. In December 2015, based on the Bankruptcy Court's ruling, Grayson dismissed the Trustee and his professionals as defendants in the instant action. Response: Not Disputed.

Contention 79. In December 2015, the Bankruptcy Court also held that all parties to the Joint Prosecution Agreement continue to be bound by the terms thereof. Response: Not Disputed.

Plaintiff further notes that in addition to the factual disputes identified above, there exist additional material factual disputes as to whether Defendants, when making

their defamatory statements at the August 15, 2013 meeting: (a) spoke with knowledge that their statements were false or with reckless disregard for the statements' truth or falsity, and/or (b) spoke with common law malice in the sense of ill-will. Plaintiff contends that Defendants must have known that their statements concerning Grayson doing less than her fair share of the work on the twin veil piercing cases were false, because Grayson did the vast majority of the work for both veil piercing cases and Defendants knew this. (See Grayson Dec. paras. 31-32, 50, and future discovery.) Defendants also knew that Grayson took the lead at the Bhise deposition, including in the handling of documents. (See Grayson Dec. paras. 33-36, 49-50, and future discovery.) As for the alleged conflict of interest, Defendants knew that it was nonsense, and expressed their confidence in Grayson by leaving her to do most of the work in the veil piercing cases. (Grayson Dec. paras.19-24, 31-34, 48, 50, and future discovery.) Turning finally to Defendants' common law malice, in the sense of ill will, this is evidenced by their entire course of conduct as set forth in Plaintiff's Declaration and the Exhibits thereto. Further evidence of common law malice is likely to be unearthed by future discovery.

Respectfully submitted,

/S/ Violet Elizabeth Grayson
*In Propria Persona*