**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
VIOLET ELIZABETH GRAYSON,

Plaintiff,

v.

RESSLER & RESSLER, ELLEN WERTHER, and BRUCE RESSLER,

Defendants.

---------------------------------------------------------x

**Case No. 1:15-cv-08740 (ER)**

**REPLY DECLARATION OF BRUCE J. RESSLER IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION**

I, Bruce J. Ressler, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner with the law firm of Ressler & Ressler, a defendant in this matter and counsel for co-defendants. I submit this reply declaration in further support of Defendants' Motion for Summary Judgment, dated December 21, 2017, and in opposition to Plaintiff's request that the Motion for Summary Judgment be held in abeyance until she has completed further discovery pursuant to "Rule 56(f)".[1] I have personal knowledge of the facts set forth herein.

2. The record of the instant action shows that Plaintiff has failed to diligently seek discovery at any time since this action was filed in 2014 through the date hereof. Indeed, Plaintiff has failed to serve a single deposition subpoenas even after the motion to dismiss was resolved more than five months ago. Nor did she serve a single deposition subpoena after the Motion for

[1] Throughout the Grayson Declaration and Memorandum of Law, filed March 19, 2018, Plaintiff relies on former FRCP 56(f) for the relief sought. Former FRCP 56(f) has been superseded by FRCP 56(d).

Summary Judgment was filed more than three months ago. Instead, Plaintiff has repeatedly sought extensions of the briefing schedule for the instant Motion for Summary Judgment for various reasons but conducted no discovery during that extended period. Nothing has prevented Plaintiff from obtaining the discovery she now claims she needs but her own lack of diligence.

3. This action was commenced by Plaintiff's filing of a Summons with Notice in the Supreme Court of the State of New York on August 14, 2014 and removed to the United States District Court for the Southern District of New York on November 6, 2015. (Doc. No. 1)

4. Plaintiff filed the complaint on April 29, 2016. (Doc. No. 26) The complaint alleged that Defendants had made certain defamatory statements about Plaintiff to Robert Mayer, counsel for the Trustee, at a meeting held on August 15, 2013, and also presented Mr. Mayer with Plaintiff's credit information that Defendants had "illegally gathered." *Id.* Grayson admitted that she did not attend the meeting and had no first-hand knowledge as to what actually transpired there. *Id.*

5. On July 7, 2016, Defendants submitted a sworn Declaration from Mr. Mayer, in which he unequivocally states that none of the alleged defamatory statements were made to him at the August 15, 2013 Meeting, and that no such credit information had been furnished to him by Defendants. (Doc. No. 28-1) Defendants requested a pre-motion conference for leave to file a Rule 11 motion for sanctions against Plaintiff for filing a frivolous complaint, and a motion to dismiss the complaint for want of jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Doc. No. 28)

6. A pre-motion conference was held on July 12, 2016 at which Mr. Mayer's Declaration was presented. (Doc. No. 36, transcript of 7/12/16 conference) The Court found that Defendants "have raised what appears to be a non-frivolous basis for a rule 11 motion." (Tr.

30:18-19) The Court directed that no discovery of the trustee or his professionals proceed until the Court could determine whether such discovery was precluded by prior confidentiality restrictions imposed by the Bankruptcy Court. (Tr. 26:15-20) The Court instructed Plaintiff to consider whether she wished to withdraw her allegations in light of Mr. Mayer's declaration, and directed the parties to appear for a subsequent status conference.

7. The next Court conference was held on November 30, 2016. (Doc. No. 59 transcript of 11/30/16 conference) Defendants advised the Court that the Rule 11 motion had been filed because Plaintiff had refused to withdraw the complaint containing the baseless allegations regarding what was supposedly said at the August 15, 2013 Meeting. (Tr. 2:4-13) The Court authorized Plaintiff to conduct limited discovery of Mr. Mayer, including the taking of his deposition, on the issue of whether Defendants had presented him with Plaintiff's credit information at the August 15, 2013 Meeting. The Court noted that: "if it is true that they did not obtain that financial information and give it to Mr. Mayer, then there was no basis for you to bring the complaint, and you violated Rule 11." (Tr. 25:1-4) In short, the question of the Court's federal jurisdiction and Rule 11 was "completely aligned." (Tr. 24:22-23)

8. <u>Even though the Court expressly authorized Plaintiff to conduct discovery of Mr. Mayer at the November 30, 2016 conference, Plaintiff did not do so.</u>

9. The next Court conference was held on February 16, 2017. (Doc. No. 80, transcript of 2/16/17 conference) Plaintiff advised the Court that she still had not conducted any discovery of Mr. Mayer, even though the Bankruptcy Court had, in the interim, entered an order clarifying that none of its prior confidentiality orders precluded her from doing so in this action. (Doc. No. 70-1) The Court reiterated that Plaintiff was authorized to take limited discovery of Mr. Mayer on the jurisdictional issue so long as Plaintiff continued to assert federal question jurisdiction based on

the alleged disclosure of her financial information. (Tr. 16:24-25, 17:1-11) The Court also found that the federal question jurisdiction was the proper subject of a Rule 12(b)(1) motion. *Id.* The Court directed Plaintiff to respond to the Rule 11 Motion by March 30, 2017 and directed Defendants to file their motion to dismiss under Rule 12 on the same day. (Tr. 21:5-12; 25:6-17) Defendants thereafter filed their first motion to dismiss on March 30, 2017. (Doc. No. 84)

10. <u>Even though the Court again expressly authorized Plaintiff to conduct discovery of Mr. Mayer at the February 16, 2017 conference, Plaintiff again did nothing.</u>

11. Instead, Plaintiff requested a delay of the motion to dismiss. By application filed on April 5, 2017, Plaintiff sought a 60-day extension of time to respond to the motion to dismiss because of purported appellate deadlines she had in other cases. (Doc. No. 90) The Court afforded Plaintiff a 14-day extension of time. (Doc. No. 94)

12. <u>On April 10, 2017, Plaintiff finally disclosed to the Court she had contacted Mr. Mayer for the *first* time regarding discovery that morning, *months after* she had been specifically authorized to do so</u>:

> What I should have explained in my prior application for an extension of time, was that I need additional time, not only due to the press of appellate deadlines, but also because I wished to complete discovery concerning the federal credit information cause of action before reaching a decision regarding an amended complaint. Very early this morning, before receiving your order, I e-mailed both Mr. Mayer and his former firm, Gordon & Rees (which I understand holds the pertinent file), to make arrangements for document discovery and deposition of Mr. Mayer.

(Doc. No. 95) It is interesting to note that Plaintiff offers no explanation as to why she waited months after she was first authorized to conduct discovery of Mr. Mayer to contact him. It is also interesting to note that Plaintiff offers no explanation as to why she never confirmed whether there was a basis in fact for her allegations as to what transpired at the August 15, 2013 Meeting, before filing her complaint that contains baseless allegations in the first instance.

13. On April 21, 2017, Plaintiff filed an amended complaint that dropped the allegation that Defendants had given Mr. Mayer her credit information at the August 15, 2013 Meeting, but continued to assert defamation claims based on what was supposedly said at the meeting she did not attend. (Doc. No. 97) On June 1, 2017, Defendants filed a motion to dismiss the amended complaint in its entirety pursuant to Rule 12(b)(6). (Doc. No. 121)

14. By Opinion and Order dated September 18, 2017, the Court dismissed the amended complaint, with the exception of three of the four allegedly defamatory statements alleged to have been made at the August 15, 2013 Meeting. (Doc. No. 129). The Court did not stay or otherwise restrict discovery going forward.

15. On October 24, 2017, Defendants filed their answer to the amended complaint. (Doc. No. 134)

16. On November 29, 2017, the Court held a pre-motion conference to consider whether Defendants would be permitted to move for summary judgment before the close of discovery. (Doc. No. 142, transcript of 11/29/17 conference) At the conference, Defendants reminded the Court that Plaintiff had been offered the opportunity to depose Mr. Mayer months ago, but never did so:

> Mr. Ressler: A deposition of Mr. Mayer? Could be. I'd like to remind the Court that we talked about this months ago when you said, "Go ahead, do it. Let's see what you got." This is when she was talking about the violation of the financial information. That was a different theory that she had before. And you offered it to her. She didn't do it. I think that indicates her motive. Her motive is to delay and continue to litigate a lawsuit without a foundation.

Tr: 9:2-9. At that conference, the Court authorized Defendants to make a summary judgment motion. The Court did not restrict Plaintiff's right to conduct discovery during the pendency of the summary judgment motion, and Plaintiff retained her right under Rule 56(d) to seek additional

discovery of admissible evidence sufficient to raise a material issue of disputed fact if she could meet the requirements of that Rule.

17. The Court fixed a briefing schedule, requiring Defendants to file the summary judgment motion by December 29, 2017, and Plaintiff to file her opposition by January 29, 2018.

18. Defendants filed their summary judgment motion on December 20, 2017—in advance of the deadline. (Doc. No. 144) Again, Plaintiff delayed and sought repeated extensions of the time to file her opposition. First, Plaintiff sought an extension of time to file her opposition to March 9, 2018. (Doc. No. 148) After that extension was granted, Plaintiff sought yet another extension of time to file her opposition to March 19, 2018. (Doc. No. 149)

19. In short, Plaintiff had more than three months after Defendants filed their summary judgment motion to prepare her response. Throughout that period of time, Plaintiff made no effort to obtain discovery including the deposition of Mr. Mayer or any document production from him.

20. On March 19, 2018, Plaintiff filed her opposition to Defendants' summary judgment motion, essentially claiming that she has had no opportunity to depose Mr. Mayer or obtain documents from him, even though the motion to dismiss had been disposed of in September 2017, the motion for summary judgment had been pending since December 2017, and no stay or other restriction of discovery had been imposed during that period. Instead, Plaintiff merely waited, in an apparent effort to further delay and continue to litigate a lawsuit without foundation.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on this 10th day of April 2018.

Bruce J. Ressler