**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

VIOLET ELIZABETH GRAYSON,

Plaintiff,

v.

RESSLER & RESSLER, ELLEN WERTHER, and BRUCE RESSLER,

Defendants.

-------------------------------------------------------x

**Case No. 1:15-cv-08740 (ER)**

**ECF Case**

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED AND RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants Ressler & Ressler, Bruce Ressler and Ellen Werther (together, "Defendants") respectfully submit in support of their motion for summary judgment the following reply to Plaintiff's Counter-Statement of Material Facts as to Which There is No Genuine Issue to be Tried. A copy of the record of evidence on which Defendants rely to support their responses is submitted herewith as exhibits to Defendants' Attorney's Declaration, dated December 20, 2017 ("Defendants' Dec.").

For the convenience of the Court, Defendants have set forth herein their statement of undisputed material facts, Plaintiff's responses, and Defendants' replies to the responses. In reproducing Plaintiff's responses verbatim, Defendants have not attempted to correct what may be typographical errors.

Defendants preliminarily note that in violation of S.D.N.Y. Local Rule 56.1(b), Plaintiff consistently responds to Defendants' statements with non-responsive supplemental information and states immaterial disputes going toward weight, relevance and characterization, rather than provide a "separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Such immaterial disputes should be disregarded. *See Howard v. Gleason Corp.*, 901 F.2d 1154, 1159 (2d Cir. 1990).

Furthermore, Plaintiff has the burden of proof to affirmatively produce "admissible evidence sufficient to raise a genuine issue of fact for trial." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Many of Plaintiffs' response paragraphs "either do not specifically dispute Defendants' statements or consist of 'conclusory allegations, speculation or conjecture.'" *See Costello v. New York State Nurses Ass'n*, 783 F. Supp. 2d 656, 661 n.5 (S.D.N.Y. 2011) (citing *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996)). Such "unsubstantiated speculation" is insufficient to defeat summary judgment. *See George v. Reisdorf Bros., Inc.*, 410 F. App'x 382, 384 (2d Cir. 2011) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

**THE PARTIES:**

1. **The Defendant Ressler & Ressler is a law firm located in New York, NY.** (Defendants' Dec. Ex. 5 (Answer ¶3).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**2. Defendants Bruce Ressler and Ellen Werther are members of Ressler & Ressler.**

(Defendants' Dec. Ex. 5 (Answer ¶¶4-5).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**3. The Plaintiff, Violet Elizabeth Grayson ("Grayson"), is an individual licensed attorney.**

(Defendants' Dec. Ex. 5 (Answer ¶2).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**PROCEDURAL HISTORY OF THE INSTANT ACTION:**

**4. Grayson filed the First Amended Complaint in the instant action on April 21, 2017.**

(Defendants' Dec. Ex. 1 (First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**5. The First Amended Complaint alleged ten causes of action: defamation (Count I), injurious falsehood (Count II), tortious interference with contract (Count III), tortious interference with prospective business advantage (Count IV), breach of contract (Count V),**

**quantum meruit (Count VI), unjust enrichment (Count VII), conversion (Count VIII), trespass to chattel (Count IX), and prima facie tort (Count X).**

(Defendants' Dec. Ex. 1 (First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**6. Defendants filed a Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and a motion for sanctions pursuant to Fed. R. Civ. P. 11 on June 1, 2017.**

(Defendants' Dec. Ex. 2 (Motion to Dismiss).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**7. By Opinion and Order of September 19, 2017 ("Opinion and Order"), the Court: dismissed Count III through Count IX of the First Amended Complaint, with prejudice; dismissed Count II and Count X, with leave to amend; and allowed the defamation claim set forth in Count I to proceed with respect to three alleged defamatory statements identified by the Court that were allegedly made at a meeting held on August 15, 2013 (the "August 15, 2013 Meeting").**

(Defendants' Dec. Ex. 3 (Opinion and Order at 17-18, 33).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**8. In the Opinion and Order, the Court found that consideration of Defendants' Rule 11 motion was premature at that juncture.**

(Defendants' Dec. Ex. 3 (Opinion & Order at 33).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**9. In the Opinion and Order, the Court directed that, if Grayson chooses to file a Second Amended Complaint, she must do so by October 10, 2017.**

(Defendants' Dec. Ex. 3 (Opinion & Order at 33).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**10. By Letter Motion, dated October 4, 2017 ("Letter Motion"), Grayson requested the Court to modify the language of the Opinion and Order; advised the Court of her decision not to amend Count II and Count X of the First Amended Complaint by the date fixed by the Court; and requested the Court to reconsider its dismissal of Count III and Count IV of the First Amended Complaint.**

(Defendants' Dec. Ex. 4 (Grayson letter, dated October 4, 2017).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**11. By Memo Endorsed Order, dated October 4, 2017 ("Memo Endorsed Order"), the Court denied Grayson's request to reconsider the Opinion and Order; denied Grayson's request to modify the language of the Opinion and Order.**

(Defendants' Dec. Ex. 4 (Memo Endorsed Order, dated October 4, 2017).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**12. Defendants filed an Answer to the First Amended Complaint on October 24, 2017.**

(Defendants' Dec. Ex. 5 (Defendants' Answer to First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**THE NEW YORK VEIL PIERCING ACTIONS:**

**13. Ressler & Ressler represented Coreolis Holdings, Inc. and its wholly-owned subsidiary, TradeWinds Holdings, Inc. (together, "Coreolis") in a veil piercing action**

**brought by Coreolis against George Soros ("Soros") and Purnendu Chatterjee ("Chatterjee") in the United States District Court for the Southern District of New York, *Coreolis Holdings, Inc. v. Soros*, No. 10-cv-8175 (JFK)(S.D.N.Y.) (the "Coreolis Veil Piercing Action").**

> (Defendants' Dec. Ex. 18 (Coreolis Complaint filed by Ressler & Ressler in the Coreolis Veil Piercing Action on 10/28/10), Ex. 22 (Coreolis First Amended Complaint filed by Ressler & Ressler in the Coreolis Veil Piercing Action on 8/8/13).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**14. For a period of time, Grayson represented the Trustee for TradeWinds Airlines, Inc. ("TradeWinds Airlines") in a veil piercing action brought by TradeWinds Airlines against Soros and Chatterjee in the United States District Court for the Southern District of New York, *TradeWinds Airlines, Inc. v. Soros*, No. 08-cv-5901 (S.D.N.Y.) (the "TradeWinds Veil Piercing Action").**

> (Defendants' Dec. Ex. 9 (TradeWinds Airlines First Amended Complaint filed by Grayson in the TradeWinds Veil Piercing Action on 9/28/08), Ex. 12 (TradeWinds Airlines Second Amended Complaint filed by Grayson in the TradeWinds Veil Piercing Action on 3/10/11), Ex. 15 (TradeWinds Third Amended Complaint filed by Grayson in the TradeWinds Veil Piercing Action on 8/8/13).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

15. **The TradeWinds Veil Piercing Action and the Coreolis Veil Piercing Action were procedurally consolidated by United States District Judge Keenan.**

(Defendants' Dec. Ex. 5 (Answer ¶27), Ex. 7 (Ressler Dec. ¶12), Ex. 8 (Werther Dec. ¶12).

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**THE AFFIRMATIVE DEFENSES RAISED BY SOROS AND CHATTERJEE IN THE VEIL PIERCING ACTIONS:**

16. **TradeWinds Airlines filed a First Amended Complaint, dated September 28, 2008, in the TradeWinds Veil Piercing Action on October 3, 2008.**

(Defendants' Dec. Ex. 9 (TradeWinds First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

17. **TradeWinds Airlines filed a Second Amended Complaint in the TradeWinds Veil Piercing Action on March 10, 2011.**

(Defendants' Dec. Ex. 12 (TradeWinds Second Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**18. TradeWinds Airlines filed a Third Amended Complaint in the TradeWinds Veil Piercing Action on August 8, 2013.**

(Defendants' Dec. Ex. 15 (TradeWinds Third Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**19. Soros filed an Answer, dated January 8, 2009, to the TradeWinds First Amended Complaint on January 8, 2009.**

(Defendants' Dec. Ex. 10 (Soros Answer to TradeWinds First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**20. Soros filed an Answer, dated April 3, 2012, to the TradeWinds Second Amended Complaint on April 3, 2012.**

(Defendants' Dec. Ex. 13 (Soros Answer to TradeWinds Second Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**21. Soros filed an Answer, dated August 22, 2013, to the TradeWinds Third Amended Complaint on August 22, 2013.**

(Defendants' Dec. Ex. 16 (Soros Answer to TradeWinds Third Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**22. Chatterjee filed an Answer, dated January 8, 2009, to the TradeWinds First Amended Complaint on January 8, 2009.**

(Defendants' Dec. Ex. 11 (Chatterjee Answer to TradeWinds First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**23. Chatterjee filed an Answer, dated April 3, 3012, to the TradeWinds Second Amended Complaint on April 4, 2012.**

(Defendants' Dec. Ex. 14 (Chatterjee Answer to TradeWinds Second Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**24. Chatterjee filed an Answer, dated August 22, 2013, to the TradeWinds Third Amended Complaint on August 22, 2013.**

(**Defendants' Dec. Ex. 17** (Chatterjee Answer to TradeWinds Third Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**25. In each of the Answers filed by Soros in the TradeWinds Veil Piercing Action, Soros asserted the following affirmative defense to TradeWinds Airlines' veil piercing claim, which affirmative defense was pending at the time of the August 15, 2013 Meeting:**

> **Plaintiff's [TradeWinds Airlines] claim is barred because it is based on information provided to plaintiff [TradeWinds Airlines] by its counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiff's counsel [Grayson] in connection with the Jet Star Litigation.**

(Defendants' Dec. Ex. 10 (Soros Answer to TradeWinds Airlines First Amended Complaint ¶32), Ex. 13 (Soros Answer to TradeWinds Airlines Second Amended Complaint ¶34), Ex. 16 (Soros Answer to TradeWinds Airlines Third Amended Complaint ¶38), Ex. 7 (Ressler Dec. ¶10 ("These affirmative defenses were pending at the time of the August 15, 2013 Meeting."), Ex. 8 (Werther Dec. ¶10).)

**Plaintiff's Response**

Disputed. This is not a verbatim quotation of the Affirmative Defense.

**Defendants' Reply**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Soros Answers filed in the TradeWinds Airlines veil piercing action, is reproduced below:

> 32. Plaintiff's claim is barred because it is based on information provided to plaintiff by its counsel in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiff's counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 10 ¶32, Ex. 13 ¶34), Ex. 16 ¶38) It is undisputed that the term "Plaintiff" refers to Tradewinds Airlines; it is further undisputed the that Grayson was counsel of record for Tradewinds Airlines at the time reference to the term "plaintiff's counsel" was made. The relevant fact, which is established by the cited evidence, is Soros repeatedly raised Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to TradeWinds' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶25 should be admitted.

**26. In each of the Answers filed by Chatterjee in the TradeWinds Veil Piercing Action, Chatterjee asserted the following affirmative defense to TradeWinds Airlines' veil piercing claim, which affirmative defense was pending at the time of the August 15, 2013 Meeting:**

> **Plaintiff's [TradeWinds Airlines] claim is barred because it is based on information provided to plaintiff [TradeWinds Airlines] by its counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiff's counsel [Grayson] in connection with the Jet Star Litigation.**
>
> (Defendants' Dec. Ex. 11 (Chatterjee Answer to TradeWinds Airlines First Amended Complaint, Tenth Affirmative Defense at 6), Ex. 14 (Chatterjee Answer to TradeWinds Airlines Second Amended Complaint Ninth Affirmative Defense, at 5), Ex. 18

(Chatterjee Answer to TradeWinds Airlines Third Amended Complaint Eleventh Affirmative Defense, at 6), Ex. 7 (Ressler Dec. ¶10 ("These affirmative defenses were pending at the time of the August 15, 2013 Meeting."), Ex. 8 Werther Dec. ¶10).)

**Plaintiff's Response**

Disputed. This is not a verbatim quotation of the Affirmative Defense.

**Defendants' Reply:**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Chatterjee Answers filed in the TradeWinds Airlines veil piercing action, is reproduced below:

The plaintiff's claim is barred because it is based on information provided to the plaintiff by its counsel in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by the plaintiff's counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 11 at 6; Ex. 14 at 5; Ex. 18 at 6) It is undisputed that the term "Plaintiff" refers to Tradewinds Airlines; it is further undisputed the that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "plaintiff's counsel" was made. The relevant fact, which is established by the cited evidence, is Chatterjee repeatedly raised Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to TradeWinds' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶26 should be admitted.

**27. Coreolis filed a Complaint, dated October 28, 2010, in the Coreolis Veil Piercing Action on October 28, 2010.**

(Defendants' Dec. Ex. 18 (Coreolis Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**28.** Coreolis filed a First Amended Complaint, dated August 8, 2013, in the Coreolis Veil Piercing Action on August 8, 2013.

(**Defendants' Dec. Ex. 22** (Coreolis First Amended Complaint).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**29. Soros filed an Answer, dated April 3, 2012, to the Coreolis Complaint in the Coreolis Veil Piercing Action on April 3, 2012.**

(Defendants' Dec. Ex. 19 (Soros Answer to Coreolis Complaint).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**30. Soros filed an Amended Answer, dated April 3, 2012, to the Coreolis Complaint in the Coreolis Veil Piercing Action on April 3, 2012.**

(Defendants' Dec. Ex. 20 (Soros Amended Answer to Coreolis Second Amended Complaint).)

**<u>Plaintiff's Response</u>**

Not disputed.

**<u>Defendants' Reply</u>**

Undisputed.

**31. Soros filed an Answer, dated August 22, 2013, to the Coreolis First Amended Complaint in the Coreolis Veil Piercing Action August 22, 2013.**

(Defendants' Dec. Ex. 23 (Soros Answer to Coreolis First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**32. Chatterjee filed an Answer, dated April 3, 2012, to the Coreolis Complaint in the Coreolis Veil Piercing Action on April 5, 2012.**

(Defendants' Dec. Ex. 21 (Chatterjee Answer to Coreolis Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**33. Chatterjee filed an Answer, dated August 22, 2013, to the Coreolis First Amended Complaint in Coreolis Veil Piercing Action on August 22, 2013.**

(Defendants' Dec. Ex. 24 (Chatterjee Answer to Coreolis First Amended Complaint).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**34. In each of the Answers filed by Soros in the Coreolis Veil Piercing Action, Soros asserted the following affirmative defense to Coreolis' veil piercing claims, which affirmative defense was pending at the time of the August 15, 2013 Meeting:**

**Plaintiff's [Coreolis'] claim is barred because it is based on information provided to plaintiff [Coreolis] by TradeWinds counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds' counsel [Grayson] in connection with the Jet Star Litigation.**

(Defendants' Dec. Ex. 19 (Soros Answer to Coreolis Complaint ¶36), Ex. 20 (Soros Amended Answer to Coreolis Complaint ¶36), Ex. 23 (Soros Answer to Coreolis First Amended Complaint ¶40), Ex. 7 (Ressler Dec. ¶11 ("These affirmative defenses were pending at the time of the August 15, 2013 Meeting), Ex. 8 (Werther Dec. ¶11).)

**Plaintiff's Response**

Disputed. This is not a verbatim quotation of the Affirmative Defense.

**Defendants' Reply**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Soros Answers filed in the Coreolis veil piercing action, is reproduced below:

---

36. Plaintiffs' claim is barred because it is based on information provided to plaintiffs by TradeWinds's counsel in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds's counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 19 ¶36; Ex. 20 ¶36; Ex. 23 ¶36) It is undisputed that the term "Plaintiff" refers to Coreolis; it is further undisputed that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "TradeWinds's counsel" was made. The relevant fact, which is established by the cited evidence, is Soros repeatedly raised Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to Coreolis' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶34 should be admitted.

**35. In each of the Answers filed by Chatterjee in the Coreolis Veil Piercing Action, Chatterjee asserted the following affirmative defense to Coreolis' veil piercing claims, which affirmative defense was pending at the time of the August 15, 2013 Meeting:**

> **Plaintiff's [Coreolis'] claim is barred because it is based on information provided to plaintiff [Coreolis] by TradeWinds counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds' counsel [Grayson] in connection with the Jet Star Litigation.**

> (Defendants' Dec. Ex. 21 (Chatterjee Answer to Coreolis Complaint, Ninth Affirmative Defense at 8), Ex. 24 (Chatterjee Answer to Coreolis First Amended Complaint, Eleventh Affirmative Defense at 7), Ex. 7 (Ressler Dec. ¶11 ("These affirmative defenses were pending at the time of the August 15, 2013 Meeting), Ex.8 (Werther Dec. ¶11).)

**<u>Plaintiff's Response</u>**

Disputed. This is not a verbatim quotation of the Affirmative Defense.

**<u>Defendants' Reply</u>**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Chatterjee Answers filed in the Coreolis veil piercing action, is reproduced below:

> Plaintiffs' claim is barred because it is based on information provided to plaintiffs by counsel to TradeWinds in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds' counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 21 at 8; Ex. 24 at 7) It is undisputed that the term "Plaintiff" refers to Coreolis; it is further undisputed the that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "TradeWinds's counsel" was made. The relevant fact, which is established by the cited evidence, is Chatterjee repeatedly raised Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to Coreolis' veil piercing claim. Therefore,

Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶35 should be admitted.

**36. Soros filed a motion in the TradeWinds Veil Piercing Action, dated February 2, 2009, seeking to disqualify Grayson as TradeWinds Airlines' counsel based on, *inter alia*, her alleged breach of the confidentiality order and settlement agreement entered in the Jet Star Litigation.**

> (Defendants' Dec. Ex. 25 (Notice of Motion to disqualify Grayson filed by Soros in the TradeWinds Veil Piercing Action on 2/2/09).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**37. On May 12, 2009, United States District Judge Keenan entered an Opinion & Order in the TradeWinds Veil Piercing Case ("Keenan 5/12/09 Opinion & Order"), in which Judge Keenan found, *inter alia*, that Grayson had plainly violated her confidentiality obligations under a Settlement and Confidentiality Agreement ("Jet Star Settlement Agreement") entered into by Grayson in an action brought by Jet Star Enterprises against Soros and Chatterjee in the United States District Court for the Southern District of New York (the "Jet Star Litigation").**

> (Defendants' Dec. Ex. 26 (Keenan Opinion & Order of 5/12/09 at 16-17 ("In the Settlement Agreement, Grayson promised to keep confidential "the existence, provisions and substance of [the] Agreement, and the claims for relief sought against Mr. Soros ... and the bases or asserted bases therefore." The original and amended complaints she filed in this [TradeWinds Airlines] case recite the fact that "Jet Star Enterprises brought suit in the Southern District seeking to, *inter alia,* pierce the corporate veil of C–S [Aviation] to reach defendants Soros and Chatterjee." This disclosure plainly violates her [Grayson's] confidentiality obligations under the

> Settlement Agreement. In addition, because the veil-piercing claim here is premised upon the same factual allegations at issue in *Jet Star II,* the complaint discloses the "bases or the asserted bases" of the *Jet Star II* claim, in violation of the Settlement Agreement.")).)

**Plaintiff's Response**

Disputed. This is not a fair summary of Judge Keenan's opinion nor a fair summary of what actually transpired. See Keenan 5/12/09 Opinion and Order; Grayson Dec. paras. 16, 21-24, 50, 76; Memorandum of Law pp. 20 et seq.

**Defendants' Reply**

Plaintiff does not dispute that Judge Keenan made these findings. Plaintiff's characterization of Judge Keenan's opinion is appropriately left to her memorandum of law. The relevant fact, which is established by the cited evidence, is that Judge Keenan expressly found that Grayson's disclosures "plainly violates her confidentiality obligations under the Settlement Agreement" and violated the Jet Star Settlement Agreement. (Defendants' Dec. Ex. 26 (Keenan Opinion & Order of 5/12/09 at 16-17.) Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶37 should be admitted.

**38. In the Memo Endorsed Order of October 4, 2017, this Court found that Judge Keenan's findings in his Opinion & Order May 12, 2009, "may be fairly characterized as that Grayson was conflicted in her representation of TradeWinds Airlines, Inc."**

> (Defendants' Dec. Ex. 4 (Memo Endorsed Order of 10/4/17 ("Judge Keenan found that during Grayson's representation of Tradewinds Airlines Inc., she "plainly violat[ed] her confidentiality obligations under the [Jet Star] Settlement Agreement.... While the Court does not comment on the truth of this assertion at this stage of the litigation, it finds that the assertion may be failure characterized as that Grayson was conflicted in her representation of TradeWinds Airlines, Inc.")).)

**Plaintiff's Response**

Disputed. This is an incomplete quotation from this Court's Memo Endorsed Order of October 4, 2017, which also stated: "the Court does not comment on the truth of the assertion at this stage of the litigation." Moreover, Plaintiff respectfully disagrees with this Court's statement as to how Judge Keenan's opinion "may be fairly characterized," insofar as Judge Keenan's opinion nowhere states that Grayson was conflicted in her representation. Had Grayson been conflicted, the proceedings would have been tainted,

and disqualification would have been required. See Keenan 5/12/09 Opinion and Order; Grayson Dec. paras. 16, 21-24, 50, 76; Memorandum of Law pp. 20 et seq.

**Defendants' Reply**

Plaintiff does not dispute that the Court entered the Memo Endorsed Order of 10/4/17 and made the cited findings as to how Judge Keenan's opinion "may be fairly characterized." Plaintiff's personal disagreement with the Court's findings is irrelevant under Rule 56.1, and her legal arguments should be reserved for a memorandum of law. Therefore, Plaintiffs' assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶38 should be admitted.

**39. In the Opinion & Order of May 12, 2009, Judge Keenan also found that, under the Jet Star Settlement Agreement, Grayson would be personally liable to Soros for any future breach of her confidentiality obligations under the Jet Star Settlement Agreement and required to disgorge any settlement funds she received.**

> (Defendants' Dec. Ex. 2 (Keenan Opinion & Order of 5/12/09 at 25 ("But even assuming that Grayson were to breach her confidentiality obligations, the remedy specified in the Settlement Agreement is disgorgement of the settlement funds she received, not disqualification.")).)

**Plaintiff's Response**

Disputed. Judge Keenan's order did not find the above. Rather, Judge Keenan merely observed that "the remedy specified in the Settlement Agreement is disgorgement of the settlement funds she received, not disqualification." See Keenan Opinion & Order of 5/12/09 at 25.

**Defendants' Reply**

Plaintiff does not dispute that Judge Keenan stated in his Opinion & Order of 5/12/09 that Soros' remedy under the Jet Star Settlement Agreement for Grayson's breach of her confidentiality obligations was Grayson's disgorgement of settlement funds previously received. Plaintiff's characterization of this statement as a mere observation, as opposed to a finding, is insufficient to raise a question of fact, and is properly left to her memorandum of law. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶39 should be admitted.

**40. In the Opinion & Order of May 12, 2009, Judge Keenan denied Soros' motion to disqualify Grayson for the reasons stated therein.**

(Defendants' Dec. Ex. 27 (Keenan Opinion & Order of 5/12/09).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**41. By Memorandum Opinion and Order dated May 20, 2009, Judge Keenan directed that certain documents that had been previously filed under seal in connection with Soros' motion to disqualify Grayson be unsealed.**

(Defendants' Dec. Ex. 27 (Keenan Opinion & Order of 5/20/09).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed.

**42. Among the documents unsealed pursuant to Judge Keenan's May 20, 2009 Order was Grayson's sworn declaration, dated March 5, 2009, in which Grayson stated that, at no time prior to or after her engagement as special litigation counsel for TradeWinds Airlines, did she disclose her obligations under the Jet Star Settlement Agreement to TradeWinds Airlines or the Trustee ("Grayson Declaration").**

(Defendants' Dec. Ex. 28 (Grayson Declaration ¶¶17-18 ("At no time did I divulge the contents of the [Jet Star] Settlement Agreement to anyone associated with Bilzen, Sumberg [chapter 11 counsel for TradeWinds Airlines].....At no time did I disclose the terms of the *Jet Star* settlement to the [TradeWinds Airlines] Chapter 7 trustee or persons associated with him....")).)

**Plaintiff's Response**

Disputed. The declaration in question states that Grayson did not disclose "the terms of the Jet Star settlement," meaning the dollar amount. As for what Grayson disclosed to the Trustee, consistent with her legal obligations, see Grayson Dec. paras. 16 and 20.

**Defendants' Reply**

Plaintiff does not dispute the existence, or the substance of her May 20, 2009 sworn declaration. Plaintiff's characterization of the meaning of the statements made in her declaration is insufficient to raise a material issue of fact, and properly left for her memorandum of law. Therefore, Plaintiffs' assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶42 should be admitted.

**43. In every Answer filed by Soros in the Tradewinds Veil Piercing Action after entry of the Judge Keenan's 5/12/09 Opinion & Order, Soros asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to TradeWinds Airlines' claims.**

(Defendants' Dec., Ex. 13 (Soros Answer to TradeWinds Airlines Second Amended Complaint ¶34), Ex. 16 (Soros Answer to TradeWinds Airlines Third Amended Complaint ¶38).)

**Plaintiff's Response**

Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Soros's Answers for their content.

**Defendants' Reply**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Soros Answers filed in the TradeWinds Airlines veil piercing action after Judge Keenan rendered his 5/12/09 Opinion and Order, is reproduced below:

34. Plaintiff's claim is barred because it is based on information provided to plaintiff by its counsel in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiff's counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 13 ¶34; Ex. 16 ¶38) It is undisputed that the term "Plaintiff" refers to TradeWinds Airlines; it is further undisputed the that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "TradeWinds's counsel" was made. The relevant fact, which is established by the cited evidence is that, after Judge Keenan's 5/12/09 Opinion & Order, Soros continued to raise Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to TradeWinds Airlines' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶43 should be admitted.

**44. In every Answer filed by Chatterjee in the Tradewinds Veil Piercing Action after entry of Judge Keenan's 5/12/09 Opinion & Order, Chatterjee asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to TradeWinds Airlines' claims.**

> (Defendants' Dec. Ex. 14 (Chatterjee Answer to TradeWinds Airlines Second Amended Complaint. Ninth Affirmative Defense at 5), Ex. 17 (Chatterjee Answer to TradeWinds Airlines Third Amended Complaint, Eleventh Affirmative Defense at 6).)

**<u>Plaintiff's Response</u>**

Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Chatterjee's Answers for their content.

**<u>Defendants' Reply</u>**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Chatterjee Answers filed in the TradeWinds Airlines veil piercing action after Judge Keenan rendered his 5/12/09 Opinion and Order, is reproduced below:

> Plaintiff's claim is barred because it is based on information provided to plaintiff by its counsel in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiff's counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 14 at 5; Ex. 17 at 6) It is undisputed that the term "Plaintiff" refers to TradeWinds Airlines; it is further undisputed the that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "TradeWinds's counsel" was made. The relevant fact, which is established by the cited evidence is that, after Judge Keenan's 5/12/09 Opinion & Order, Chatterjee continued to raise Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to TradeWinds Airlines' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶44 should be admitted.

**45. In every Answer filed by Soros in the Coreolis Veil Action after entry Judge Keenan's 5/12/09 Opinion & Order, Soros asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to Coreolis' claims.**

(Defendants' Dec. Ex. 19 (Soros Answer to Coreolis ¶36), Ex. 20 (Soros Amended Answer to Coreolis Complaint ¶36), Ex. 23 (Soros Answer to Coreolis First Amended Complaint ¶40).)

**Plaintiff's Response**

Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Soros's Answers for their content.

**Defendants' Reply**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Soros Answers filed in the Coreolis veil piercing action after Judge Keenan rendered his 5/12/09 Opinion and Order, is reproduced below:

> 36. Plaintiffs' claim is barred because it is based on information provided to plaintiffs by TradeWinds's counsel in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds's counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 19 ¶36; Ex. 20 ¶36; Ex. 23 ¶40) It is undisputed that the term "Plaintiff" refers to Coreolis; it is further undisputed the that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "TradeWinds's counsel" was made. The relevant fact, which is established by the cited evidence is that, after Judge Keenan's 5/12/09 Opinion & Order, Soros continued to raise Grayson's violation a confidentiality order entered in the Jet Star

Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to Coreolis' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶45 should be admitted.

**46. In every Answer filed by Chatterjee in the Coreolis Veil Action after entry of Judge Keenan's 5/12/09 Opinion & Order, Chatterjee asserted Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement as an affirmative defense to Coreolis' claims.**

(Defendants' Dec. Ex. 21 (Chatterjee Answer to Coreolis Complaint, Ninth Affirmative Defense at 6), Ex. 24 (Chatterjee Answer to Coreolis Amended Complaint, Eleventh Affirmative Defense at 7).)

**Plaintiff's Response**

Disputed. This is not a verbatim quotation of the Affirmative Defense. Grayson refers the Court to Chatterjee's Answers for their content.

**Defendants' Reply**

The cited record evidence confirms that Plaintiff does not raise a material issue of disputed fact. A PDF copy of the Affirmative Defense, asserted in the Chatterjee Answers filed in the Coreolis veil piercing action after Judge Keenan rendered his 5/12/09 Opinion and Order, is reproduced below:

> Plaintiffs' claim is barred because it is based on information provided to plaintiffs by counsel to TradeWinds in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by TradeWinds' counsel in connection with the Jet Star Litigation.

(Defendants' Dec. Ex. 21 at 6; 24 at 7) It is undisputed that the term "Plaintiff" refers to Coreolis; it is further undisputed the that Grayson was counsel of record for TradeWinds Airlines at the time reference to the term "TradeWinds's counsel" was made. The relevant fact, which is established by the cited evidence is that, after Judge Keenan's 5/12/09 Opinion & Order, Chatterjee continued to raise Grayson's violation a confidentiality order entered in the Jet Star Litigation and Grayson's violation of the Jet Star settlement agreement as an affirmative defense to Coreolis' veil piercing claim. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶46 should be admitted.

**THE JOINT PROSECUTION, COMMON INTEREST AND CONFIDENTIALITY AGREEMENT:**

**47. Coreolis and TradeWinds Airlines, through their respective attorneys, entered into a Joint Prosecution, Common Interest and Confidentiality Agreement to pursue their separate but common interests in responding to the various legal issues raised or which may be raised during the prosecution of the consolidated Coreolis Veil Piercing Action and TradeWinds Veil Piercing Action.**

> (Defendants' Dec. Ex. 29 (Joint Prosecution, Common Interest and Confidentiality Agreement at 1 ("[T]he Parties wish to continue to pursue their separate but common interests in responding to the various legal issues raised or which may be raised during the course of the Veil Piecing Actions and avoid any claim or suggestion of waive of privileges enjoyed by the Parties. To further these common legal interests, the Parties wish to engage in a joint or common interest effort any avoid any suggestion of waiver of privilege enjoyed by the Parties. ....We consider that matters of common concern, information, and litigation strategy are essential to the effective representation of our respective clients on these matters of separate but common interest.")), **Defendants' Dec. Ex. 41** (Bankruptcy Court Order of 12/21/15 at 6 n.2 ("All parties to the Joint Prosecution Agreement continue to be bound by the terms thereof, including Grayson, the Trustee, Coreolis and their respective attorneys.").)

**<u>Plaintiff's Response</u>**

Partially disputed. Plaintiff does not dispute that the Agreement was signed, but notes that, at the time of signing, Werther observed that it was of no legal effect. (Grayson Dec. para. 30) This is true as a matter of law. (Memorandum of Law at 16)

**<u>Defendants' Reply</u>**

The hearsay statement cited by Plaintiff is inadmissible and does not support of her assertions concerning the legal effect of the Joint Prosecution Agreement. Plaintiff's legal arguments are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Moreover, Plaintiff does not dispute SF ¶79, which states: "In December 2015, the Bankruptcy Court also held that all parties to the Joint Prosecution Agreement continue to be bound by the terms thereof." (Defendants' Dec. Ex. 41 (Bankruptcy Court Order of 12/21/15 at 6 n.2 ("All parties to the Joint Prosecution Agreement continue to be bound by the terms thereof, including

Grayson, the Trustee, Coreolis and their respective attorneys.").). Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶47 should be admitted.

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**48. Coreolis and TradeWinds Airlines had a common interest in preserving their respective veil piercing claims against the pending affirmative defenses asserted by Soros and Chatterjee, including the affirmative defenses that were expressly based on Grayson's alleged breach of her obligations under the Jet Star Settlement Agreement.**

> (Defendants' Dec. Ex. 6 (Mayer Dec. ¶4 ("TradeWinds Airlines and Coreolis had a common interest in prosecuting their respective claims and defending against the common and virtually identical affirmative defenses raised by defendants."), Ex. 7 (Ressler Dec. ¶12 ("The TradeWinds Veil Piercing Case and the Coreolis Veil Piercing Case were procedurally consolidated. TradeWinds Airlines and Coreolis had a common interest in prosecuting their respective claims and defending against these affirmative defenses in the consolidated veil piercing actions."), **Ex. 8** (Werther Dec. ¶12), **Ex. 29** (Joint Prosecution, Common Interest and Confidentiality Agreement.).)

**Plaintiff's Response**

Disputed. This affirmative defense was never a live issue in the case, being, *inter alia*, foreclosed by Judge Keenan's May 12, 2009 opinion, and not pursued in summary judgment briefing. See 5/12/09 Opinion and Order; Grayson Dec. paras. 16, 21-24, 50, 76; Memorandum of Law pp. 20 et seq.

**Defendants' Reply**

Plaintiff assertion that the affirmative defense was never a "live issue in the case" in unsupported by admissible evidence. The record evidence shows that this affirmative defense was repeatedly asserted before and after Judge Keenan's May 12, 2009 Opinion & Order. *See* Soros and Chatterjee Answers filed in the TradeWinds veil piercing case in January 2009, April 2012, and

August 2013 asserting the affirmative defense (Defendants' Dec. Ex. 10 ¶32; Ex. 13 ¶34; Ex. 16 ¶38; Dec. Ex. 11 at 6; Ex. 14 at 5; Ex. 18 at 6); and Soros and Chatterjee Answers filed in the Coreolis veil piercing case in April 2012 and August 2013, asserting the affirmative defense (Defendants' Dec. Ex. 19 ¶36; Ex. 20 ¶36; Ex. 23 ¶40; Ex. 21 at 8, Ex. 24 at 7). Plaintiff does not dispute that these Answers were filed or that they contain the affirmative defense asserted therein.

Plaintiff does not dispute that the affirmative defense remained pending at the time of the August 15, 2013 Meeting. Plaintiff's contention that Judge Keenan's May 12, 2009 opinion "foreclosed" the affirmative defense is pure conjecture, speculative and legal argument that is not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Likewise, the paragraphs in the Grayson Declaration on which Plaintiff relies to support her assertion, merely recite Plaintiff's legal argument as to the ultimate merits of the affirmative defense and should be reserved for her memorandum of law. Therefore, the evidence cited by Plaintiff does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF¶ 48 should be admitted.

**THE AUGUST 15, 2013 MEETING:**

**49. The August 15, 2013 Meeting was held at the offices of Ressler & Ressler among Bruce Ressler and Ellen Werther, as counsel for Coreolis, and Robert Mayer, as counsel for the Trustee for TradeWinds Airlines.**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶7), Ex. 7 (Ressler Dec. ¶4), Ex. 8 (Werther Dec. ¶4).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**50. Grayson did not attend the August 15, 2013 Meeting.**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶7), Ex. 7 (Ressler Dec. ¶¶4, 9), Ex. 8 (Werther Declaration ¶¶4, 9).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**51. The August 15, 2013 Meeting was attended by Robert Mayer, Bruce Ressler and Ellen Werther—and no one else.**

> (Defendants' Dec. Ex. 6 (Mayer Dec. ¶7 ("The attendees at the Afternoon Meeting at Ressler & Ressler were myself, Bruce Ressler and Ellen Werther. No one else was present."), Ex. 7 (Ressler Dec. ¶4 ("The sole attendees at the August 15, 2013 Meeting were Mr. Mayer, Ellen Werther and myself. Grayson did not attend."), Ex. 8 (Werther Dec. ¶4).)

**Plaintiff's Response**

Plaintiff presently has no information to the contrary.

**Defendants' Reply**

Pursuant to Rule 56.1(d), a statement of material fact is deemed admitted for purposes of the motion unless it is specifically controverted by the opposing party. Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶51 should be admitted.

**52. The discussions among Robert Mayer, Bruce Ressler and Ellen Werther at the August 15, 2015 Meeting were undertaken pursuant to the confidentiality provisions of the Joint Prosecution, Common Interest and Confidentiality Agreement.**

> (Defendants' Dec. Ex. 6 (Mayer Dec. ¶8 ("At the commencement of that Afternoon Meeting I made it clear to Bruce Ressler and Ellen Werther that in my opinion the discussions would be covered by the Joint Prosecution Agreement which the parties to the lawsuit had previously executed. They concurred and agreed."), Ex. 7 (Ressler Dec.¶5 ("At the commencement of the August 15, 2015 Meeting, Mr. Mayer, Ms. Werther, and I made it clear that the discussions would be covered by the Joint Prosecution Agreement."), Ex. 8 (Werther Dec. ¶5).)

**Plaintiff's Response**

Disputed. Robert Mayer was not a signatory to that Agreement, which was not, in any event, designed to shield conversations from Grayson who was at that time counsel of record for TradeWinds Airlines in the veil piercing case. Moreover, the Agreement was legally nugatory. Plaintiff further observes that Mayer actually reported on the meeting to Grayson, thereby waiving any possible privilege. See Grayson Dec. paras. 30, 47; Memorandum of Law at 16.

**Defendants' Reply**

Plaintiff cites no admissible evidence for her assertion that Robert Mayer was not a signatory to or bound by the Joint Prosecution Agreement. Plaintiff's assertions concerning the legal effect of the Joint Prosecution Agreement and whether the privilege has been waived are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law.
Moreover, Plaintiff does not dispute SF ¶79, which states: "In December 2015, the Bankruptcy Court also held that all parties to the Joint Prosecution Agreement continue to be bound by the terms thereof." (Defendants' Dec. Ex. 41 (Bankruptcy Court Order of 12/21/15 at 6 n.2 ("All parties to the Joint Prosecution Agreement continue to be bound by the terms thereof, including Grayson, the Trustee, Coreolis and their respective attorneys.").). Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶52 should be admitted.

**53. In their sworn declarations, Robert Mayer, Ellen Werther and Bruce Ressler, affirm that, at no time during the August 15, 2013 Meeting did Ellen Werther or Bruce Ressler state, in sum or substance, that "Grayson was violating rules of professional ethics and conduct by representing a client, TradeWinds Airlines, with whom she had a conflict of interest," or that "Grayson was violating rules of professional ethics and conduct by representing a client, TradeWinds Airlines, with whom she had a conflict of interest."**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶11), Ex. 7 (Ressler Dec. ¶6), Ex. 8 (Werther Dec. ¶6).)

**Plaintiff's Response**

Partially disputed. Plaintiff does not dispute that Mayer, Werther, and Ressler make such statements in their declarations. She does dispute the truth of these statements, as they are contradicted by Robert Mayer's contemporaneous account of the meeting and by surrounding circumstances. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

**Defendants' Reply**

Plaintiff's assertion that the slanderous statements were made at the August 15, 2013 Meeting is mere speculation. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the slanderous statements were actually made at the August 15, 2013 Meeting. Plaintiff's assertion that Robert Mayer, one of the listeners, later relayed the substance of the alleged statements to Plaintiff is inadmissible hearsay. *See* Fed. R. Evid. 802. Plaintiff's reliance on hearsay and speculation as to what might have been said at a meeting she did not attend is insufficient to raise a triable issue of fact. The relevant fact,

which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 53 should be admitted.

**54. In their sworn declarations, Robert Mayer, Ellen Werther and Bruce Ressler affirm that, at no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance, that "because of this conflict of interest, Grayson could not handle documents or taking a leading role at depositions, and therefore could not effectively serve her client," or that "Grayson could not take a leading role in depositions, or handle documents at depositions, because of a conflict of interest."**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶12), Ex. 7 (Ressler Dec. ¶7), Ex. 8 (Werther Dec. ¶7).)

**<u>Plaintiff's Response</u>**

Partially disputed. Plaintiff does not dispute that Mayer, Werther, and Ressler make such statements in their declarations. She does dispute the truth of these statements, as they are contradicted by Robert Mayer's contemporaneous account of the meeting and by surrounding circumstances. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

**<u>Defendants' Reply</u>**

Plaintiff's assertion that the slanderous statements were made at the August 15, 2013 Meeting is mere speculation. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the slanderous statements were actually made at the August 15, 2013 Meeting. Plaintiff's assertion that Robert Mayer, one of the listeners, later relayed the substance of the alleged statements to Plaintiff is inadmissible hearsay. *See* Fed. R. Evid. 802. Plaintiff's reliance on hearsay and speculation as to what might have been said at a meeting she did not attend is insufficient to raise a triable issue of fact. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a

disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 54 should be admitted.

**55. In their sworn declarations, Robert Mayer, Ellen Werther and Bruce Ressler affirm that, at no time during the August 15, 2013 Meeting did Ellen Werther or Bruce Ressler state, in sum or substance, that "Grayson did not do her fair share of work on the veil piercing cases and, in this way neglected her client," or that "Grayson had, unprofessionally, failed and neglected to shoulder her responsibilities by doing her fair share of the work in the coordinated veil piercing cases, and instead left the Ressler firm to do the lion's share of the work."**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶13), Ex. 7 (Ressler Dec. ¶8), Ex. 8 (Werther Dec. ¶8).)

**Plaintiff's Response**

Partially disputed. Plaintiff does not dispute that Mayer, Werther, and Ressler make such statements in their declarations. She does dispute the truth of these statements, as they are contradicted by Robert Mayer's contemporaneous account of the meeting and by surrounding circumstances. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested.

**Defendants' Reply**

Plaintiff's assertion that the slanderous statements were made at the August 15, 2013 Meeting is mere speculation. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the slanderous statements were actually made at the August 15, 2013 Meeting. Plaintiff's assertion that Robert Mayer, one of the listeners, later relayed the substance of the alleged statements to Plaintiff is inadmissible hearsay. *See* Fed. R. Evid. 802. Plaintiff's reliance on hearsay and speculation as to what might have been said at a meeting she did not attend is insufficient to raise a triable issue of fact. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 55 should be admitted.

**56. Robert Mayer, Ellen Werther and Bruce Ressler are the only witnesses to the August 15, 2013 Meeting, with personal knowledge of what was said at that meeting.**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶7 ("The attendees at the Afternoon Meeting at Ressler & Ressler were myself, Bruce Ressler and Ellen Werther. No one else was present."), Ex. 7 (Ressler Dec. ¶ 4 ("The sole attendees at the August 15, 2013 Meeting were Mr. Mayer, Ellen Werther and myself. Grayson did not attend."), Ex. 8 (Werther Dec. ¶ 9 ("Indeed, the August 15, 2013 Meeting was attended by me, Mr. Ressler and Mr. Mayer—and no one else.")).)

**Plaintiff's Response**

Disputed. Plaintiff does not know whether anyone else attended the meeting, whether it was recorded, and what further evidence concerning the meeting exists. Discovery is required.

**Defendants' Reply**

Plaintiff's assertion is mere speculation and wholly unsupported by admissible evidence sufficient to raise a material basis of fact for trial. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether other persons actually attended the August 15, 2013 Meeting. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, each of whom has personal knowledge, is that the August 15, 2013 Meeting was attended by the three of them and no one else. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 56 should be admitted.

**57. At no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance that "Grayson was violating rules of professional ethics and conduct by representing a client, TradeWinds Airlines, with whom she had a conflict of interest," or that "Grayson was violating rules of professional ethics and conduct by representing a client, TradeWinds Airlines, with whom she had a conflict of interest."**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶11), Ex. 7 (Ressler Dec.¶6), Ex. 8 (Werther Dec. ¶6).)

**Plaintiff's Response**

Disputed: See Grayson Dec. paras. 41-51, 94-99, and future discovery requested. Moreover, insofar as Werther and Ressler have made these allegations over and over again in this Court and in the Florida Bankruptcy Court (*c.f.* Grayson Dec. Exh. G), it is extremely difficult to believe that they did not also make these allegations in their August 15, 2013 meeting with Robert Mayer.

**Defendants' Reply**

Plaintiff's assertion that the slanderous statements were made at the August 15, 2013 Meeting is mere speculation. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the slanderous statements were actually made at the August 15, 2013 Meeting. Plaintiff's assertion that she finds it "extremely difficult to believe" that the statements were not made at the August 15, 2013 Meeting is not admissible evidence; it is unsupported conjecture. *See* Fed. R. Evid. 802. Plaintiff's reliance on hearsay and speculation as to what might have been said at a meeting she did not attend is insufficient to raise a triable issue of fact. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 57 should be admitted.

**58. At no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance that "because of this conflict of interest, Grayson could not handle documents or taking a leading role at depositions, and therefore could not effectively serve her client," or that "Grayson could not take a leading role in depositions, or handle documents at depositions, because of a conflict of interest."**

(Defendants' Dec. Ex. 6 (Mayer Dec. ¶12), Ex. 7 (Ressler Dec. 7 ¶7), Ex. 8 (Werther Dec. ¶7).)

**Plaintiff's Response**

Disputed. See Grayson Dec. paras. 41-51, 94-99, and future discovery requested. As noted immediately above, Werther and Ressler have repeatedly accused Grayson of a conflict of interest in an effort to harm her, even where, as to her Bankruptcy Court compensation, they have no legitimate interest in the subject. (See Grayson Dec. paras. 77 and 78; Exh. G.)

**<u>Defendants' Reply</u>**

Plaintiff's assertion that the slanderous statements were made at the August 15, 2013 Meeting is mere speculation. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the slanderous statements were actually made at the August 15, 2013 Meeting.

Plaintiffs' reference to objections to her compensation from the TradeWinds estate filed in the Bankruptcy Court in 2016 raise no issue of material fact as to what was actually said at the August 15, 2013 Meeting; they are probative only of the fact that the issue of Grayson's potential, undisclosed adverse interest to the TradeWinds estate is a matter of public record. (Defendants' Dec. Ex. 39) Plaintiff's legal arguments as to the merits of the objections are properly raised in her memorandum to be filed in the Bankruptcy Court where those objections are pending.

Plaintiff's reliance on hearsay and speculation as to what might have been said at a meeting she did not attend is insufficient to raise a triable issue of fact. *See* Fed. R. Evid. 802. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 58 should be admitted.

**59. At no time during the August 15, 2013 Meeting, did Ellen Werther or Bruce Ressler state, in sum or substance that "Grayson did not do her fair share of work on the veil piercing cases and, in this way neglected her client," or that "Grayson had, unprofessionally, failed and neglected to shoulder her responsibilities by doing her fair share of the work in the coordinated veil piercing cases, and instead left the Ressler firm to do the lion's share of the work."**

**(Defendants' Dec. Ex. 6** (Mayer Dec. ¶13), **Ex. 7** (Ressler Dec. ¶8), **Ex. 8** (Werther Dec. ¶8).)

**<u>Plaintiff's Response</u>**

Disputed. See Grayson Dec. paras 41-51, 94-99, and future discovery requested.

**Defendants' Reply**

Plaintiff's assertion that the slanderous statements were made at the August 15, 2013 Meeting is mere speculation. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the slanderous statements were actually made at the August 15, 2013 Meeting. Plaintiff's reliance on hearsay and speculation as to what might have been said at a meeting she did not attend is insufficient to raise a triable issue of fact. *See* Fed. R. Evid. 802. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations; Plaintiff's mere assertion that the declarations are not credible is insufficient to meet the requirements under Rule 56. Therefore, Plaintiff's Response does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶ 59 should be admitted.

**THE TRADEWINDS BANKRUPTCY CASE:**

**60. TradeWinds Airlines is a chapter 7 debtor in a bankruptcy case filed in United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), *In re Tradewinds Airlines, Inc.*, No. 08-20394-BKC-AJC (S.D. Fla.) ("TradeWinds Bankruptcy Case").**

(Defendants' Dec. Ex. 5 (Answer ¶¶14, 17).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**61. Coreolis is a creditor of the TradeWinds Airlines bankruptcy estate and a party in interest in the TradeWinds Airlines Bankruptcy Case.**

(Defendants' Dec. Ex. 30 (Coreolis Proof of Claim filed in the TradeWinds Bankruptcy Case on 11/4/8, Claim No. 147-1), Ex. 31 (Coreolis First Amended Proof of Claim filed in the TradeWinds

Bankruptcy case on 3/9/09, Claim No. 147-2), Ex. 32 (Agreed Order entered in the TradeWinds Bankruptcy Case on 6/3/09 concerning the Coreolis Claims No. 147-1 and 147-2), Ex. 33 (Coreolis Notice of Partial Withdrawal of Proof of Claim filed in the TradeWinds Bankruptcy Case on 6/16/09, "For avoidance of doubt, that portion of the Proof of Claim asserting [$8 million]claims against the estate on account of the failure to pay for use of Coreolis' net operating losses and the failure to turn over Coreolis' books and records is <u>not</u> withdrawn.") .)

**<u>Plaintiff's Response</u>**

Disputed. See Grayson Dec. para. 77.

**<u>Defendants' Reply</u>**

Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether Coreolis is a creditor and party in interest in the TradeWinds bankruptcy case. Plaintiff does not dispute that Coreolis has filed an $8 million proof of claim in the Bankruptcy Court (SF62). The record evidence establishes that the Bankruptcy Court entered an Order on 6/3/09, authorizing Coreolis to maintain that portion Coreolis Claims No. 147-1 and 147-2 that assert an $8 million claim against the TradeWinds estate. (Defendants' Dec. Ex. 32-33.) Whether the Bankruptcy Court will ultimately allow all or a portion of that claim will be determined by the Bankruptcy Court at a later date. Plaintiff's legal arguments as to the merits of that claim legal arguments are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. The relevant fact, which is established by the cited evidence, is that Coreolis has filed a proof of claim asserting an $8 million claim against the TradeWinds estate. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶61 should be admitted.

**62. Coreolis has filed a proof of claim in the TradeWinds Bankruptcy Case asserting an unsecured claim against the TradeWinds Airlines' estate of approximately $8 million on account of a tax dispute between Coreolis and TradeWinds Airlines.**

(Defendants' Dec. Ex. 30 (Coreolis Proof of Claim filed in the TradeWinds Bankruptcy Case on 11/4/8, Claim No. 147-1), Ex. 31 (Coreolis First Amended Proof of Claim filed in the TradeWinds Bankruptcy case on 3/9/09, Claim No. 147-2), Ex. 32 (Agreed Order entered in the TradeWinds Bankruptcy Case on 6/3/09 concerning the Coreolis Claims No. 147-1 and 147-2), Ex. 33 (Coreolis Notice of Partial Withdrawal of Proof of Claim filed in the TradeWinds Bankruptcy Case on 6/16/09, "For avoidance of doubt, that portion

> of the Proof of Claim asserting [$8 million]claims against the estate on account of the failure to pay for use of Coreolis' net operating losses and the failure to turn over Coreolis' books and records is not withdrawn.") .)

**Plaintiff's Response**

Partially disputed. Plaintiff admits that Coreolis has filed the claim, but Werther had admitted that it is bogus. Trustee's Counsel Lynn Gollin has alleged that Coreolis actually owes the Bankruptcy Estate money. See Grayson Dec. para. 77.

**Defendants' Reply**

Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether Coreolis filed a proof of claim in the Bankruptcy Court asserting an $8 million claim against the TradeWinds estate. Plaintiff does not dispute that Coreolis has filed this proof of claim in the Bankruptcy Court. The record evidence establishes that the Bankruptcy Court entered an Order on 6/3/09, authorizing Coreolis to maintain that portion Coreolis Claims No. 147-1 and 147-2 that assert a $8 million claim against the TradeWinds estate. (Defendants' Dec. Ex. 32-33.) Whether the Bankruptcy Court will ultimately allow all or a portion of that claim will be determined by the Bankruptcy Court at a later date. Plaintiff's legal arguments as to the merits of that claim are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. The relevant fact, which is established by the cited evidence, is that Coreolis has filed a proof of claim asserting an $8 million claim against the TradeWinds estate. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶62 should be admitted.

**LITIGATION IN THE BANKRUPTCY COURT OVER GRAYSON'S POTENTIAL ADVERSE INTEREST TO THE TRADEWINDS ESTATE:**

**63. Coreolis filed an Objection in the Bankruptcy Court, dated November 26, 2008 (the November 2008 Objection"), to the Trustee's Application to the Bankruptcy Court for approval to retain Grayson as special litigation counsel pursuant to 11 U.S.C. §327(e) and approval of special litigation counsel's contingency fee arrangement pursuant to 11 U.S.C. §328.**

> (Defendants' Dec. Ex. 34 (Coreolis Objection, filed in the TradeWinds Bankruptcy Case on 11/26/08).)

<u>**Plaintiff's Response**</u>

Not disputed.

<u>**Defendants' Reply**</u>

Undisputed

**64. Coreolis filed a Supplemental Objection in the Bankruptcy Court, dated December 15, 2008 (the "December 2008 Supplemental Objection"), to the Trustee's Application to the Bankruptcy Court for approval to retain Grayson as special litigation counsel pursuant to 11 U.S.C. §327(e) and approval of special litigation counsel's contingency fee arrangement pursuant to 11 U.S.C. §328.**

> (Defendants' Dec. Ex. 35 (Coreolis Supplemental Objection filed in the Bankruptcy Court on 12/15/08).)

<u>**Plaintiff's Response**</u>

Not disputed.

<u>**Defendants' Reply**</u>

Undisputed

**65. Coreolis alleged in the November 2008 Objection and in the December 2008 Supplemental Objection that Grayson had an undisclosed adverse interest to the TradeWinds Airlines estate in derogation of 11 U.S.C. §327.**

> (Defendants' Dec. Ex. 34 (Coreolis Objection, filed in the TradeWinds Bankruptcy Case on 11/28/08), Ex. 35 (Coreolis Supplemental Objection filed in the Bankruptcy Court on 12/15/08).)

<u>**Plaintiff's Response**</u>

Not disputed as to Coreolis having made this baseless allegation.

**Defendants' Reply**

Undisputed.

Plaintiff does not dispute that Defendants filed the November 2008 Objection and the December 2008 Supplemental Objection. Her characterization of that allegations made in those objections is not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Therefore, Plaintiffs' characterization of the allegation does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶65 should be admitted.

**66. As an exhibit to the November 2008 Objection, Coreolis submitted a letter from Grayson to United States District Judge Baer, dated October 1, 2008, in which Grayson responds to Soros' contention that she should be held in contempt.**

> (Defendants' Dec. Ex. 34 (Grayson's letter to Judge Bear dated 10/1/08 responding to Soros's contention that she should be held in contempt, attached as Exhibit A to the November 2008 Objection).)

**Plaintiff's Response**

Not Disputed. Grayson further notes that Coreolis submitted no evidence that Grayson was ever held in contempt, nor evidence of any proceedings before Judge Baer re same.

**Defendants' Reply**

Undisputed.

**67. In the December 2008 Supplemental Objection, Coreolis alleged that Grayson held an adverse interest to the TradeWinds Airlines estate.**

> (Defendants' Dec. Ex. 35 (December 2008 Supplemental Objection ("Mr. Soros has asserted in the NY Litigation that Ms. Grayson may be subject to a motion to contempt as a result of a breach of confidentiality agreements that were So Ordered by the District Court for the Southern District of New York in another matter against C-S Aviation. Mr. Soros has argued that Ms. Grayson has also breached a court-approved settlement agreement in that action by disclosures made by her on behalf of Tradewinds. Mr. Soros has also argued that Ms. Grayson has already breached the confidentiality order and settlement agreement because of

disclosures made by her on behalf of Tradewinds in the NY Litigation, giving rise to a potential motion for contempt against Ms. Grayson and damages against Tradewinds.....If such a motion for contempt were entered, Ms. Grayson would be ineligible to prosecute the NY Litigation. Moreover, the mere possibility that Ms. Grayson may be using confidential and protected information gained in the previous litigation against C-S Aviation in this case constitutes an actual or potential conflict of interest with the estate, because the estate may be exposed to claims for damages arising as a result of Tradewinds' use of such information in the NY Litigation.... Accordingly, for that reason alone, Ms. Grayson holds an interest adverse to the estate and the Application should therefore be denied.")).).

**Plaintiff's Response**

Plaintiff does not dispute that Coreolis made this baseless allegation.

**Defendants' Reply**

Undisputed.

Plaintiff does not dispute that Defendants filed the December 2008 Supplemental Objection. Plaintiff's characterization of that allegations made in that objection is not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Therefore, Plaintiffs' characterization of the allegations does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶67 should be admitted.

**68. On January 7, 2009, the Bankruptcy Court authorized the Trustee for TradeWinds Airlines to retain Grayson as special litigation counsel to prosecute the TradeWinds Veil Piercing Action, noting on the record that no final determination as to Grayson's disinterestedness would be made until the end of the case.**

(Defendants' Dec. Ex. 43 (Order dated January 7, 2009 (authorizing the Trustee to retain Grayson as "special litigation counsel for the trustee, on a contingency basis, as described in the Application, pursuant to 11 U.S. C. §§327 and 328, and as amended on the record at the hearing."); Ex. 44 (Transcript of hearing held in the Bankruptcy Court on January 7, 2009, Tr. 34:18-23 (The Court: "If [Grayson] were engaged and it turned out somewhere down the line that it was determined that [she was] not disinterested, then [she may] be barred from collecting a fee. So that is a risk that [she]

> need[s] to be aware of if [she's] going forward in this matter...."); Ex. 36 (Letter of Engagement of Special Litigation Counsel by the Trustee for TradeWinds Airlines, dated 2/3/09, filed with the Bankruptcy Court on 2/24/09).)

**Plaintiff's Response**

Disputed. Plaintiff refers this Court to Defendant's Dec. Ex. 43 for Judge Cristol's exact words.

**Defendants' Reply**

Plaintiff fails to identify the nature or basis of her dispute. She refers to Defendants' Dec. Ex. 43 (Bankruptcy Court Order dated January 7, 2009) for Judge Cristol's exact words. Plaintiff does not dispute that the Order is accurately quoted. Nor does Plaintiff dispute that Defendants have accurately quoted from the transcript of the hearing held on January 7, 2009, Defendants' Dec. Ex. 43. Moreover, Plaintiff does not dispute SF ¶74, admitting that the issue of her adverse interest to the Tradewinds estate has been raised in objections to her fees, and remains pending in the Bankruptcy Court. The relevant fact, which is established by the cited evidence, is that the Bankruptcy Court has made no final determination as to whether Grayson holds an adverse interest to the TradeWinds estate, which remains pending. Therefore, Plaintiffs' assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶68 should be admitted.

**69. On January 10, 2014, Coreolis filed an Objection in the Bankruptcy Court opposing Grayson's Motion for Discovery and an Evidentiary Hearing on the Question of Whether She Was Terminated as Special Litigation Counsel Without Cause (the "Grayson Discovery Motion"), in which Coreolis advised the Bankruptcy Court that Soros and Chatterjee had asserted affirmative defenses attacking the TradeWinds veil piercing claim based on Grayson's alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement (the "January 2014 Objection").**

> (Defendants' Dec. Ex. 37 (Coreolis 2014 Objection ("Of concern, the New York Defendants have used Ms. Grayson to attack the TradeWinds veil-piercing claim in the New York Litigation, arguing that the claim is tainted by Ms. Grayson's improper conduct and is barred on that basis. *See* Opinion & Order issued in the TradeWinds New York Action on May 12, 2009. Both of the New York Defendants now assert the Affirmative Defense that:

> The plaintiff's [TradeWinds'] claim is barred because it is based on information provided by its counsel [Grayson] in violation of a confidentiality order entered by the Court in the Jet Star Litigation and in violation of a settlement agreement entered into by plaintiff's counsel [Grayson] in connection with the Jet Star Litigation.
>
> While Coreolis and TradeWinds hotly dispute the merits of this Affirmative Defense, the New York Defendants continue to pursue this issue in the New York Litigation.")).)

**Plaintiff's Response**

Partially disputed. Plaintiff admits that Coreolis filed an objection of the character described, but notes that Judge Cristol overruled the objection and ordered the discovery. (See Defendants' Dec. Exh. 38)

**Defendants' Reply**

Plaintiff does not dispute that Defendants filed the January 2014 Objection as described in SF¶69. Defendants make no statement made in SF¶69 as to Judge Cristol's later ruling on that objection. The relevant fact, which is established by the cited evidence and admitted by Plaintiff, is that Defendants filed the January 2014 Objection as described in SF¶69. Therefore, Plaintiffs' assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶69 should be admitted.

**70. As part of the 2014 Objection, Coreolis asserted that Grayson had an undisclosed, potential adverse interest to the TradeWinds bankruptcy estate arising from her prior involvement in the Jet Star Litigation, and her alleged breach of her confidentiality obligations under the Jet Star Settlement Agreement.**

> (Defendants' Dec. Ex. 37 (Coreolis 2014 Objection ("Further, it is a matter of public record in this Court that—inexplicably, indefensibly and in violation of her obligations under Bankruptcy Rule 2014 — Ms. Grayson *failed repeatedly in no less than nine (9) separate Declarations filed in this bankruptcy case to make full and complete disclosure* of the foregoing, including Judge Keenan's May 12, 2009 Opinion & Order and the Affirmative Defense which attacks the Tradewinds claim because of her alleged misconduct.

> As a result of these matters of public record, and the allegation of the affirmative defense, it appears that Ms. Grayson has held, and continues to hold, a potential interest adverse to the estate that disqualifies her from employment as special counsel under 11 U.S.C. §327(e) and deprives her of entitlement to any compensation for services previously rendered under 11 U.S.C. §328(c). As discussed above, none of these issues need be resolved until the New York Litigation is concluded. Indeed, as this Court has previously noted, there is no entitlement to compensation in any event unless and until the estate obtains a recover in the TradeWinds New York Action.")).)

**Plaintiff's Response**

Plaintiff does not dispute that Coreolis made this baseless objection and that Judge Cristol overruled it. (See Defendants' Dec. Exh. 38)

**Defendants' Reply**

Plaintiff does not dispute that Defendants filed the January 2014 Objection as described in SF¶70. Plaintiff's characterization of the allegations made in the 2016 Objection is not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. No statement is made in SF¶70 as to Judge Cristol's later ruling on that objection. The relevant fact, which is established by the cited evidence and admitted by Plaintiff, is that Defendants filed the January 2014 Objection as described in SF¶70. Therefore, Plaintiffs' assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶70 should be admitted.

**71. By Order of January 28, 2014, the Bankruptcy Court deferred consideration of Grayson's potential adverse interest to the TradeWinds Airlines estate arising from her prior representation in the Jet Star Litigation and her obligations under the Jet Star Settlement Agreement.**

(Defendants' Dec. Ex. 38 (January 28, 2014 Order).)

**Plaintiff's Response**

Disputed. This is not a fair characterization of the January 28, 2015 order (Defendants' Dec. Ex. 38) which, *inter alia*, afforded Grayson document discovery.

**Defendants' Reply**

Plaintiff fails to identify the nature or basis of her dispute with admissible evidence sufficient to raise a material issue of fact. Her characterization of the January 28, 2014 Order (Ex. 38) is not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law.

Moreover, Plaintiff admits that Coreolis filed the January 2014 Objection alleging that she had a potential adverse interest to the TradeWinds estate arising from Affirmative Defense asserted Soros and Chatterjee in the TradeWinds veil piercing action. (SF ¶70) Plaintiff does not identify the Bankruptcy Court's ruling on that issue of her adverse interest, and there was none. Instead, the order afforded Plaintiff limited discovery from the Trustee and no one else (Ex. 38, ¶1 c.), and deferred consideration of the other issues raised. (Ex. 38, ¶2) Plaintiff admits that the issue of her potential adverse interest to the TradeWinds estate remains under consideration by the Bankruptcy Court. (SF ¶72)

The relevant fact, which is established by the cited evidence, is that the issue of Grayson's potential adverse interest arising from her Jet Star conflict was raised in the January 2014 Objection, and remains subject to further consideration by the Bankruptcy Court. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶71 should be admitted.

**72. On July 22, 2016, Coreolis filed an Objection in the Bankruptcy Court to Grayson's Amended First Interim Application for Allowance and Payment of Compensation ("Grayson's Fee Application") (the "2016 Objection").**

(Defendants' Dec. Ex. 39 (Coreolis 2016 Objection).)

**Plaintiff's Response**

Plaintiff does not dispute that Coreolis maliciously filed a baseless objection, which had been waived by Coreolis' failure to object to Grayson's partial settlement with the Bankruptcy Trustee. See Grayson Dec. paras. 75-80 and Exh. G.

**Defendants' Reply**

Undisputed.

Plaintiff does not dispute that Defendants filed the 2016 Objection. Plaintiff's characterization of the allegations made in the 2016 Objection and her legal arguments concerning the merits of that objection are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Therefore, Plaintiffs' characterization of the allegations and her legal argument do not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶72 should be admitted.

**73. In the 2016 Objection, Coreolis asserted that Grayson had an undisclosed, potential adverse interest to the TradeWinds bankruptcy estate.**

> (Defendants' Dec. Ex. 39 (Coreolis 2016 Objection ("*Grayson's undisclosed agreement with Soros disqualifies her from any compensation from the Estate.* The Bankruptcy Rules are clear: professionals retained and paid by the Estate must disclose all "connections with the debtor, creditors, and any other party in interest…." Fed. R. Bankr. P. 2014. This obligation cannot be waived and the failure to comply precludes the payment of any fees from the Estate. Full disclosure is integral to the integrity of the bankruptcy process, and an essential prophylactic measure to protect the Estate. *In re Jennings*, 199 F. App'x 845, 848 (11th Cir. 2006)."
>
> "[fn] Coreolis has previously raised the issue of whether Grayson holds a potential interest adverse to the estate that disqualifies her from employment as special counsel under Section 327(e) and deprives her of compensation for services previously rendered under Section 328 (c). In that objection, Coreolis has identified Grayson's serial failure to make full disclosure in derogation of Bankruptcy Rule 2014. *See* D.E. #666, which is incorporated herein by reference as though set forth in full."
>
> ***
>
> "Notwithstanding these strict statutory obligations, Grayson failed to disclose that, at all relevant times, she held a potential interest adverse to the estate that disqualifies her from employment as special counsel under 11 U.S.C. §327(e) and deprives her of entitlement to any compensation for services previously rendered under 11 U.S.C. §328(c). Specifically, Grayson knew, but did not disclose, that she had entered into a confidential settlement agreement with George Soros that strictly precluded her from disclosing to any person the nature and basis of the veil piercing claims asserted against Mr. Soros in the *Jet Star* case. Notwithstanding that confidential agreement, Grayson touted her "prior unique experience" in the *Jet Star* case as a reason she should be retained as Special Counsel, without disclosing the confidential agreement with Soros that strictly limited her use of that prior experience. (Grayson Dec. D.E. #84)"
>
> "The broad restrictions imposed on Grayson by her confidential agreement with Soros first came to light *after* she was retained when Soros moved to disqualify her from the N.Y veil piercing action. *Tradewinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901 (S.D.N.Y. JFK). The motion to disqualify Grayson was litigated under seal before Judge Keenan who rendered his decision in May 2009.

*Tradewinds Airlines, Inc. v. Soros,* No. 08 CIV. 5901 JFK, 2009 WL 1321695 (S.D.N.Y. May 12, 2009). Judge Keenan's decision described the breadth of the restrictions imposed on Grayson under her agreement with Soros. Judge Keenan found that Grayson's agreement with Soros required her to keep confidential the nature and basis of the claims asserted against Soros in the *Jet Star* case and not to disclose that information to "any person or entity." *Tradewinds Airlines, Inc. v. Soros,* No. 2009 WL 1321695 at *2."

"Judge Keenan found that the original and amended complaint filed by Grayson on behalf of TradeWinds in the NY veil piercing action "plainly violates her confidentiality obligations under the Settlement Agreement." *Tradewinds Airlines, Inc. v. Soros*, 2009 WL 1321695 at *6. Judge Keenan also found that the statements made in Grayson's Declarations to the Bankruptcy Court, regarding the *Jet Star* case "appear to violate her obligation under the Settlement Agreement to keep the claim asserted in that case confidential." *Id.* at *7. Judge Keenan specifically noted that Grayson's breach of the Settlement Agreement could result in her personal liability to Soros, requiring her to disgorge all settlement funds she received in the *Jet Star* case. *Id.* at *10."

"Until Judge Keenan described the terms of the settlement agreement in his May 12, 2009 decision, the terms of the agreement and its restrictions on Grayson were known to Grayson and Soros—but not disclosed to this Court or the Trustee."

"It appears from the record that Grayson affirmatively misled the Court in her numerous Declarations—each time attesting that she had "no connection to the Debtor, its creditors, [or] any other party in interest" except as described therein—and each time failed to disclose her confidential agreement with Soros (the key defendant in the veil piercing action) that precluded her from disclosing the nature and basis of the *Jet Star* litigation to any person. (D.E. # 84, 229, and 236.) Instead, Grayson touted her prior experience in the *Jet Star* litigation as a reason for the Trustee to retain her, without disclosing the restrictions imposed on her by her *Jet Star* agreement with Soros. (D.E. #84 (Grayson Dec.¶17)) When Coreolis first alerted the Court to the fact that Soros was moving to hold Grayson accountable for breach of her confidential agreement (D.E. #235 ¶¶24-27), Grayson simply denied it. (D.E. #236 (Grayson Dec.¶6)). Thereafter, when Judge Keenan found that Grayson had breached her confidential agreement with Soros, subjecting her to personal liability to Soros, Grayson chose to keep this Court in the dark."

> "Grayson's serial failure to make full disclosure required by Bankruptcy Rule 2014, standing alone, warrants denial of compensation and disgorgement of all sums previously paid. Her adverse interest to the estate arising from her connection to Soros under her confidential agreement, standing alone, warrants the same.")).)

**Plaintiff's Response**

Plaintiff does not dispute that Coreolis has repeatedly made this baseless assertion.

**Defendants' Reply**

Undisputed.

Plaintiff does not dispute that Defendants filed the 2016 Objection. Plaintiff's characterization of the allegations made in the 2016 Objection and her legal arguments concerning the merits of that objection are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Therefore, Plaintiffs' characterization of the allegations and her legal argument do not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶73 should be admitted.

**74. Coreolis's 2016 Objection is pending in the Bankruptcy Court, and no determination of the issues raised therein, including issues regarding Grayson's adverse interest, has been rendered.**

> (Defendants' Dec. Ex. 7 (Ressler Dec. ¶13), Ex. 8 (Werther Dec. ¶13).)

**Plaintiff's Response**

Partially disputed. Although the issue remains pending, Coreolis's objection was waived by its failure to object to Grayson's partial settlement with the Bankruptcy Trustee, and it appears rather unlikely that the Bankruptcy Court will look with favor upon this objection. See Grayson Dec. para. 80 and Exh. G.

**Defendants' Reply**

Plaintiff admits that Defendants filed the 2016 Objection, and further admits the 2016 Objection remains pending before the Bankruptcy Court. Plaintiff's legal arguments concerning the merits of that objection and her speculation as to how the Bankruptcy Court may ultimately rule are not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Therefore, Plaintiff's assertion does not support the presence of a disputed issue of material fact

relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶74 should be admitted.

**LITIGATION IN THE BANKRUPTCY COURT OVER THE NATURE AND VALUE OF GRAYSON'S LEGAL SERVICES RENDERED IN THE VEIL PIERCING ACTIONS AND THE ADEQUACY OF HER TIME RECORDS:**

**75. On July 25, 2016, the Trustee for TradeWinds Airlines filed an Objection to Grayson's Fee Application (the "Trustee's 2016 Objection"), based on, inter alia, the nature and value of Grayson's services, and the adequacy of Grayson's time records.**

> (Defendants' Dec. Ex. 40 (Trustee's 2016 Objection ("Grayson appears to claim in the Application that jointly prosecuting the NY Action actually increased her amount of her fees as a result of the back and forth communications with Coreolis' counsel. Yet Grayson urged the Trustee to enter a joint prosecution agreement with Coreolis and its counsel. From the correspondence received during Grayson's document turnover it is clear that the joint prosecution arrangement worked to her advantage. She no longer was a law firm of one person.....Grayson's legal services on behalf of estate were limited until June 2013 as a result of the stay imposed in the NY Action. Grayson was then "up to bat" after TD's work was completed and there was a non-appealable Judgment for her to pursue in the NY Action. Thereafter, she withdrew as counsel for the Trustee in early September 2013.... Grayson's time spent on the NY Action as reflected in the Application is simply incomprehensible; given the fact that there had been barely any discovery prior to her termination. Furthermore, no tangible benefit to the TradeWinds estate resulted from Grayson's services while she was special counsel...."
>
> "Counsel to the Trustee informed by TD [Tuggle Duggins] and Grayson that they should maintain contemporaneous time records. TD kept such records – Ms. Grayson apparently did not. Rather, following her termination as special litigation counsel to the Trustee Grayson asked TD [to send her their time records which they did (dating back to 2008) – because she had not kept them herself. A review of TD's time records and hers reflects duplication of services which Grayson should not be compensated for performing. Furthermore, Grayson's time entries d not include enough substance to evaluate the work performed resulting in assumptions and guesswork with respect to her services. As such, the Court should not award any fees for time entries that cannot be fully comprehended as written.

[fn] The Trustee is not contending that her failure to keep such records disqualifies her from any compensation, rather the argument is that the documentation and descriptions are so poor as to render any services non-compensable.”)).)

**Plaintiff's Response**

Plaintiff does not dispute that the Trustee made such an objection, but disputes its merit. Plaintiff further notes that the Trustee does not contend that the application should be denied in its entirety.

**Defendants' Reply**

Plaintiff does not dispute that the Trustee filed the Trustee's 2016 Objection to Plaintiff's compensation, which remains pending before the Bankruptcy Court. Plaintiff's characterization of the merits of the Trustee's 2016 Objection is not permitted by S.D.N.Y. Local Rule 56.1 and should be reserved for her memorandum of law. Therefore, Plaintiffs' assertion does not support the presence of a disputed issue of material fact relevant to the resolution of Defendants' Motion for Summary Judgment and SF ¶75 should be admitted.

**76. The Trustee's 2016 Objection is pending in the Bankruptcy Court, and no determination of the issues raised therein, including issues regarding the nature and value of Grayson's services, and the sufficiency of her time records, has been rendered.**

(Defendants' Dec. Ex. 6 (Ressler Dec. ¶14), Ex. 7 (Werther Dec. ¶14).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**GRAYSON'S CLAIMS AGAINST THE TRUSTEE AND THE TRUSTEE'S PROFESSIONALS:**

**77. In December 2015, the Bankruptcy Court held that Grayson violated the automatic stay under the Barton Doctrine by naming the Trustee and his professionals as defendants in the instant action without prior Bankruptcy Court approval.**

(Defendants' Dec. Ex. 41 (Bankruptcy Court Order of 12/21/15 at 2-3).)

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**78. In December 2015, based on the Bankruptcy Court's ruling, Grayson dismissed the Trustee and his professionals as defendants in the instant action.**

**(Defendants' Dec. Ex. 41 (Bankruptcy Court Order of 12/21/15 at 2-3).)**

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**79. In December 2015, the Bankruptcy Court also held that all parties to the Joint Prosecution Agreement continue to be bound by the terms thereof.**

(**Defendants' Dec. Ex. 41** (Bankruptcy Court Order of 12/21/15 at 6 n.2 ("All parties to the Joint Prosecution Agreement continue to be bound by the terms thereof, including Grayson, the Trustee, Coreolis and their respective attorneys.").).

**Plaintiff's Response**

Not disputed.

**Defendants' Reply**

Undisputed

**80. In May 2015, Grayson waived her claims against the Trustee and his professionals, including Robert Mayer, counsel for the Trustee.**

(Defendants' Dec. Ex. 42 (Settlement Agreement at ¶3 ("Ms. Grayson agrees that she shall not seek any recovery from the Trustee or any of his professionals for any matters related to TradeWinds or the New York Action.").)

**Plaintiff's Response -- NONE**

**Defendants' Reply**

Plaintiff makes no response to SF ¶80. Pursuant to Rule 56.1(d), a statement of material fact is deemed admitted for purposes of the motion unless it is specifically controverted by the opposing party. Therefore, SF ¶80 should be admitted.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, Defendants respectfully submit their response to Plaintiff's Statement of Additional Material Facts as to Which There is a Genuine Issue to be Tried. For the convenience of the Court, Defendants have set forth herein Plaintiff's statement of additional material facts and Defendants' responses. In reproducing Plaintiff's statement of additional facts verbatim, Defendants have not attempted to correct what may be typographical errors, nor have Defendants attempted to correct Plaintiff's failure to separate number the statements in derogation of Rule 56.1.

Defendants note that Plaintiff has, in many instances, made wholly unsupported statements, which even if true, are immaterial. Defendants respectfully submit that such statements do not raise genuine issues of material fact sufficient to defeat Defendants' motion for summary judgment. Defendants will not reply to every incorrect, misleading, immaterial or

inadmissible assertion in Plaintiffs' Rule 56.1 Statement, and the absence of a reply by Defendants does not constitute an admission as to the statement's accuracy, materiality, or admissibility. All statements made herein are made only for purposes of the present motion for summary judgment.

**Plaintiff's Statement:**

Plaintiff further notes that in additional to the factual disputes identified above, there exist additional material factual disputes as to whether Defendants, when making their defamatory statements at the August 15, 2013 meeting: (a) spoke with knowledge that their statements were false or with reckless disregard for the statements' truth or falsity, and/or (b) spoke with common law malice in the sense of ill-will.

**Defendants' Response:**

Plaintiff's statement is not separately numbered, as required by Rule 56.1. (It appears on p. 11-12 of Plaintiff's Counterstatement.) Plaintiff's fails cite any admissible evidence to support Plaintiff's assertion. Plaintiff merely speculates that defamatory statements were made at the August 15, 2013 Meeting, without identifying what was supposed said or by whom. Plaintiff further speculates as to the state of mind of the speaker. Plaintiff has failed to come forward with proof in admissible evidentiary form to show that a bona fide, triable issue of fact exists as to whether the alleged defamatory statements at issue in this action were actually made at the August 15, 2013 Meeting and/or the state of mind of the speaker.

Therefore, Plaintiff's statement does not support the presence of a disputed issue of material fact relevant to Defendants' motion for summary judgment.

**Plaintiff's Statement:**

Plaintiff contends that Defendants must have known that their statements concerning Grayson doing less than her fair share of the work on the twin veil piercing cases were false, because Grayson did the vast majority of the work for both veil piercing cases and Defendants knew this. (See Grayson Dec. paras. 31-32, and future discovery).

**Defendants' Response**:

Plaintiff's statement is not separately numbered, as required by Rule 56.1. (It appears on p. 12 of Plaintiff's Counterstatement.)

Plaintiff fails to cite admissible evidence to support her assertion that the statement was made and the state of mind of the speaker. Plaintiff's speculation as to what might have been said at a meeting she did not attend, and her speculation as to the state of mind of the supposed speaker, is insufficient to raise a triable issue of fact. The relevant fact, which is established by the declarations of Mayer, Werther and Ressler, the only witnesses with personal knowledge, is that the alleged slanderous statements were never made at the August 15, 2013 Meeting. Plaintiff has failed to set forth specific facts, supported by admissible evidence, demonstrating that there is a genuine triable issue concerning the credibility of the declarations.

Therefore, Plaintiff's foregoing statement does not support the presence of a disputed issue of material fact relevant to Defendants' motion for summary judgment.

**Plaintiff's Statement:**

Defendants also knew that Grayson took the lead at the Bhise deposition, including the handling of documents. (See Grayson Dec. paras. 33-36, 49-50, and future discovery).

**Defendants' Response**:

Plaintiff's statement is not separately numbered, as required by Rule 56.1. (It appears on p. 12 of Plaintiff's Counterstatement.)

Plaintiff fails to cite admissible evidence to support her assertion as to Defendants' state of mind. The cited paragraphs of her Declaration are devoid of admissible evidence on that issue. Plaintiff's speculation as to Defendants' state of mind is insufficient to raise a triable issue of fact.

Therefore, Plaintiff's foregoing statement does not support the presence of a disputed issue of material fact relevant to Defendants' motion for summary judgment.

**Plaintiff's Statement:**

As for the alleged conflict of interest, Defendants knew that it was nonsense, and expressed their confidence in having Grayson by leaving her to do most of the work in the veil piercing cases. (Grayson Dec. paras. 19-24, 31-24, 48, 50, and future discovery).

**<u>Defendants' Response</u>**:

Plaintiff's statement is not separately numbered, as required by Rule 56.1. (It appears on p. 12 of Plaintiff's Counterstatement.)

Plaintiff fails to cite admissible evidence to support her assertion as to Defendants' state of mind. The cited paragraphs of her Declaration are devoid of admissible evidence on that issue. Plaintiff's speculation as to Defendants' state of mind is insufficient to raise a triable issue of fact.

Therefore, Plaintiff's foregoing statement does not support the presence of a disputed issue of material fact relevant to Defendants' motion for summary judgment.

**<u>Plaintiff's Statement</u>:**

Turning finally to Defendants' common law malice, in the sense of ill will, this is evidenced by their entire course of conduct as set forth in Plaintiff's Declaration and the Exhibits thereto.

**<u>Defendants' Response</u>**:

Plaintiff's statement is not separately numbered, as required by Rule 56.1. (It appears on p. 12 of Plaintiff's Counterstatement.)

Plaintiff fails to identify what admissible evidence in the record supports her assertion as to Defendants' state of mind. Plaintiff's Declaration and the exhibits thereto are devoid of admissible evidence on that issue. Plaintiff's speculation as to Defendants' state of mind is insufficient to raise a triable issue of fact.

Therefore, Plaintiff's foregoing statement does not support the presence of a disputed issue of material fact relevant to Defendants' motion for summary judgment.

**<u>Plaintiff's Statement</u>**:

Further evidence of common law malice is likely to be unearthed by future discovery.

**<u>Defendants' Response</u>**:

Plaintiff's statement is not separately numbered, as required by Rule 56.1. (It appears on p. 12 of Plaintiff's Counterstatement.)

Plaintiff fails to identify what admissible evidence supports her assertion. Plaintiff's speculation as to what unidentified discovery may yield is insufficient to raise a triable issue of fact.

Therefore, Plaintiff's foregoing statement does not support the presence of a disputed issue of material fact relevant to Defendants' motion for summary judgment

Dated: New York, NY
April 10, 2018

RESSLER & RESSLER

By: ______________________
Bruce J. Ressler
Ellen R. Werther
48 Wall Street
New York, NY 10005
212-695-6446
*For Defendants Ressler & Ressler, Ellen Werther and Bruce J. Ressler*